| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

Summons - Alias Summons

(12/31/15) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

STEVE MERRITT, individually, and on behalf of all others similarly situated,

(Name all parties)

v.

HELLER AND FRISONE, LTD.

No. 2016CH13995
CALENDAR/ROOM 13
TIME 00:00
Class Action

**Please Serve:**
Heller & Frisone, Ltd. - c/o Nicholas J. Frisone
33 N. LaSalle Street, Suite 1200
Chicago, Illinois 60602

### ☉ SUMMONS ○ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802, Chicago, Illinois 60602
☐ District 2 - Skokie
  5600 Old Orchard Rd.
  Skokie, IL 60077
☐ District 3 - Rolling Meadows
  2121 Euclid 1500
  Rolling Meadows, IL 60008
☐ District 4 - Maywood
  Maybrook Ave.
  Maywood, IL 60153
☐ District 5 - Bridgeview
  10220 S. 76th Ave.
  Bridgeview, IL 60455
☐ District 6 - Markham
  16501 S. Kedzie Pkwy.
  Markham, IL 60428
☐ Child Support: 50 W.
  Washington, LL-01,
  Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☑ Atty. No.: 34418
Name: ZIMMERMAN LAW OFFICES, P.C.
Atty. for: Plaintiff
Address: 77 West Washington Street, Suite 1220
City/State/Zip Code: Chicago, Illinois 60602
Telephone: (312) 440-0020
Primary Email Address:
tom@attorneyzim.com
Secondary Email Address(es):
dawn@attorneyzim.com
kristina@attorneyzim.com

Witness: DOROTHY BROWN  OCT 25 2016

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:

_____
(Area Code)  (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Page 1 of 1

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CHANCERY DIVISION

STEVE MERRITT, individually, and on behalf of all others similarly situated,

Plaintiff,

vs.

HELLER AND FRISONE, LTD.,

Defendant.

No.

Jury Trial Demanded

## CLASS ACTION COMPLAINT

### INTRODUCTION

1. Plaintiff STEVE MERRITT ("Plaintiff") brings this action to secure redress from unlawful credit and collection practices engaged in by Defendant HELLER AND FRISONE, LTD. ("Heller" or "Defendant"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. The FDCPA expressly prohibits debt collectors from making any "false, deceptive, or misleading representation or means in connection with the collection of any debt," which includes a debt collector's failure to disclose to debtors "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." 15 U.S.C. § 1692e(11). That provision of the FDCPA is known as the "mini-*Miranda*" warning. *See, e.g., Garfield v. Ocwen Loan Servicing, LLC*, 811 F.3d 86, 92 (2nd Cir. 2016).

3. Defendant violated the FDCPA by sending debt collection letters to Plaintiff and Class members, in which Defendant failed to disclose that any information obtained as a result of the letter will be used for the purpose of collecting the debt.

4. Plaintiff and Class members are entitled to actual and statutory damages as a result of Defendant's unlawful conduct.

## PARTIES

5. Plaintiff is a natural person and a resident of Illinois.

6. Defendant is an Illinois corporation with its headquarters in Chicago, Illinois.

## JURISDICTION AND VENUE

7. Jurisdiction over Defendant is proper pursuant to 735 ILCS 5/2-209 because Defendant is a citizen of the state of Illinois.

8. Venue is proper in this County, pursuant to 735 ILCS 5/2-101, because Defendant is a resident of Cook County, Illinois, and the transactions giving rise to this action occurred here.

## FACTUAL ALLEGATIONS

### *The City of Chicago's Water Service Is Contractual in Nature*

9. Water services provided by the City of Chicago are based upon a contractual agreement between the City of Chicago and the residents to whom water services are provided, and are not a tax imposed by the City of Chicago. *Brooks v. Vill. of Wilmette*, 72 Ill.App.3d 753, 756 (1st Dist. 1979) (citing *Town of Cicero v. Twp. High Sch. Dist. No. 201*, 299 Ill.App. 237, 239-40 (1st Dist. 1939)); *Rosborough v. City of Moline*, 30 Ill.App.2d 167, 179 (2nd Dist. 1961) (citing *Wagner v. City of Rock Island*, 146 Ill. 139, 153 (1893)); *Rockford Sav. & Loan Ass'n v. City of Rockford*, 352 Ill. 348, 352 (1933); *Piper v. Portnoff Law Associates, Ltd.*, 396 F.3d 227, 233, n. 8 (3rd Cir. 2005); *see also, Newman v. Boehm, Pearlstein & Bright, Ltd.*, 119 F.3d 477, 481-82 (7th Cir. 1997).

10. Indeed, in order to receive water service from the City of Chicago, an individual must receive a permit from the City of Chicago. Chi. Mun. Code § 11-12-050; Chi. Mun. Code § 11-12-060.

11. Moreover, a property owner may request that the City of Chicago cease to provide water service in the event that a property is vacant. Chi. Mun. Code § 11-12-125(a). When such a property is no longer vacant, the property owner must ask the City of Chicago to resume water service to the property before water service is restored. Chi. Mun. Code § 11-12-125(b).

12. Additionally, owners of properties that do not use a certain capacity of water provided by the City of Chicago may apply for a refund of the monies paid. Chi. Mun. Code § 11-12-440.

13. If payment is not made for water services provided by the City of Chicago to a property, the City of Chicago has the authority to terminate water services to that property. Chi. Mun. Code § 11-12-480(a). If the City of Chicago terminates water services to a property due to nonpayment, water services to that property may not be resumed until the outstanding balance, and applicable fees, have been paid in full. Chi. Mun. Code § 11-12-480(a). No person may restore water services to such a property unless authorized by the City of Chicago. Chi. Mun. Code § 11-12-485.

14. Based on the foregoing, financial obligations incurred as a result of the procurement of water services from the City of Chicago are "transactions" within the meaning of the FDCPA. *Franklin v. Parking Revenue Recovery Services, Inc.*, 2016 WL 4248035, at *2-3 (7th Cir. 2016) (interpreting 15 U.S.C. § 1692a(5)); *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 170 (2nd Cir. 2015) (same); *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 400 (3rd Cir. 2000) (same); *Piper*, 396 F.3d at 232-33 (same).

## *Plaintiff's Water Service*

15. At all times relevant, Plaintiff was the owner of a residential property (the "Property") located at 8006 South Carpenter Street, Chicago, Illinois.

16. At all times relevant, the Property received water services from the City of Chicago.

17. At the time that Plaintiff purchased the Property, Plaintiff intended to, and did, reside at the Property, and the Property was Plaintiff's principal place of residence.

18. Based on the foregoing, at the time that Plaintiff purchased the Property, his contractual obligation to pay for water services provided by the City of Chicago was for personal, family, and household purposes. *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 874-75 (7th Cir. 2000); *Pollice*, 225 F.3d at 400; *Piper*, 396 F.3d at 232-33.

19. Moreover, being a residential property, the water services furnished by the City of Chicago to the Property were, at all times relevant, used by the Property's residents for personal, family, and household purposes. *Miller*, 214 F.3d at 874-75; *Eades*, 799 F.3d at 170; *Pollice*, 225 F.3d at 400; *Piper*, 396 F.3d at 232-33.

20. Based on the foregoing, Plaintiff's obligation to pay his water bill arose from a contractual obligation—and not some other type of legal obligation (*e.g.*, tort law or traffic regulations)—which was a "transaction" for "personal, family, and household purposes," and was therefore a "debt" as defined by 15 U.S.C. § 1692a(5). *Franklin*, 2016 WL 4248035 at *2-3; *Miller*, 214 F.3d at 874-75; *Pollice*, 225 F.3d at 400; *Piper*, 396 F.3d at 232-33.

4

### *Defendant's Debt Collection Letter to Plaintiff*

21.     On September 8, 2016, Defendant sent a letter to Plaintiff attempting to collect a debt on behalf of the City of Chicago for the purported outstanding balance of an allegedly unpaid water bill (the "Letter"). The Letter is attached hereto as <u>Exhibit A</u>.[1]

22.     At all times relevant, Defendant was an outside contractor retained to collect a debt. Indeed, Illinois law does not permit municipalities to appoint special counsel to act, in an official capacity, on behalf of the municipality relative to the collection of unpaid water bills. 65 ILCS 5/11-139-8. Similarly, the Chicago Municipal Code provides that the Comptroller can file an action to collect unpaid water bills, but does not authorize the City of Chicago to appoint a special counsel to act, in an official capacity, on behalf of the City of Chicago to collect unpaid water bills. Chi. Mun. Code § 11-12-330.

23.     Moreover, "when a municipal corporation undertakes to [provide water services] it does so in the exercise of its private and not of its governmental functions." *E.g., Rosborough*, 30 Ill.App.2d at 179; *see also, Franklin*, 2016 WL 4248035 at *2-3. As such, the City of Chicago, or any officer or employee thereof, is not acting in an official governmental capacity when it attempts to collect payment for unpaid water bills.

24.     Based on the foregoing, Defendant was not an officer of the United States, State of Illinois, or City of Chicago acting within the scope of its official duties when it sent the Letter to Plaintiff.

25.     As such, when Defendant sent the Letter to Plaintiff, and the same or substantially same letters to Class members, it was doing so as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

---

[1] The Letter has been redacted to hide Plaintiff's personal information.

5

26. The Letter, and the same or substantially same letters to Class members, served as Defendant's initial communication with Plaintiff and Class members regarding their debts.

27. Nowhere in the Letter, and the same or substantially same letters to Class members, does Defendant disclose that any information obtained as a result of the letters will be used for the purpose of collecting the debt. Therefore, the Letter, and the same or substantially same letters to Class members, failed to include the "mini-*Miranda*" warning, as required by 15 U.S.C. § 1692e(11).

28. Plaintiff and Class members actually received and read the letters.

29. Upon information and belief, the Letter that Defendant sent to Plaintiff was created from a form letter that Defendant uses to collect similar debts from other individuals and businesses. Upon information and belief, Defendant sent a substantially similar letter to more than 40 persons and businesses in Illinois, in which Defendant was attempting to collect a debt but failed to disclose that any information obtained will be used for that purpose.

## CLASS ALLEGATIONS

30. **Class Definition**: Plaintiff brings this action pursuant to 735 ILCS 5/2-801, on behalf of a class of similarly situated individuals and entities ("Class"), defined as follows:

> All individuals and entities residing in Illinois that, from October 25, 2015 to the present, received a letter from Defendant seeking to collect, settle, or discount a debt, in which Defendant failed to disclose that any information obtained will be used for the purpose of collecting the debt.

Excluded from the Class are: (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

6

31.     **Numerosity**: Upon information and belief, the Class is comprised of more than 40 members, as Defendant has been retained by the City of Chicago to collect debts, and the City of Chicago is a large municipality with several unpaid bills owed to it. Upon information and belief, Defendant uses a form letter to collect debts from Class members on behalf of the City of Chicago and other entities who have retained Defendant to collect debts, and Defendant's form letters do not include the "mini-*Miranda*" warning, as required by 15 U.S.C. § 1692e(11). As such, joinder of all Class members in impracticable. The exact number of Class members is presently unknown and can only be ascertained through discovery. Class members can be easily identified through Defendant's records or by other means.

32.     **Commonality and Predominance**: There are questions of law and fact common to the claims of the Plaintiff and members of the Class that predominate over any individual issues, including the predominate question of whether Defendant's debt collection letters violate the FDCPA by failing to disclose that any information obtained as a result of the letter will be used for the purpose of collecting the debt.

33.     **Typicality**: Plaintiff's claims are typical of the claims of the proposed Class. All claims are based on the same legal and factual issues. Plaintiff and each of the Class members received a substantially similar letter from Defendant seeking to collect a purported debt, but Defendant failed to include the "mini-*Miranda*" required by 15 U.S.C. § 1692e(11) in these debt collection letters. As such, Plaintiff and Class members were never warned that any information obtained as a result of the aforementioned letters would be used against them for the purpose of collecting the purported debts.

34.     **Adequacy of Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in

handling class actions and claims involving unlawful business practices. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

35. **Superiority**: A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually. The trial and the litigation of Plaintiff's claims are manageable.

36. Defendant has acted on grounds generally applicable to the proposed Class, making appropriate final injunctive relief with respect to the proposed Class as a whole.

### COUNT I
### Violation of the Fair Debt Collection Practices Act
### (15 U.S.C. § 1692, *et seq.*)

37. Plaintiff repeats and re-alleges paragraphs 1-36, with the same force and effect as though fully set forth herein.

38. At all relevant times, the FDCPA was in full force and effect.

39. Plaintiff and each Class member is a "consumer" as defined by 15 U.S.C. § 1692a(3).

40. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6). Defendant was acting in its capacity as a debt collector at the time that it sent the Letter to Plaintiff and at the times that it sent similar letters to Class members.

41. The outstanding balance of the unpaid water bills that Defendant sought to recover from Plaintiff is a "debt" within the meaning of the FDCPA. 15 U.S.C. § 1692a(5). Similarly, the outstanding balances that Defendant sought to recover from other Class members are "debts," and thus, any attempt to collect those debts from Plaintiff and Class members must comply with the requirements set forth in the FDCPA. 15 U.S.C. § 1692a(5).

8

42. Defendant is not an officer or employee of the United States, the State of Illinois, the City of Chicago, or any other government entity. Rather, Defendant is an outside contractor retained by the City of Chicago and other entities to collect debts. Therefore, the Letter that Defendant sent to Plaintiff and the similar letters Defendant sent to Class members are subject to the requirements of the FDCPA, and Defendant is not exempt from suit under 15 U.S.C § 1692a(6)(C).

43. Section 1692e of the FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of the debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> * * *
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose[.]"

15 U.S.C. § 1692e(11).

44. Defendant sent the same or substantially same form letter to Plaintiff and Class members seeking to collect, settle, or discount debts. The letters sent by Defendant were the initial forms of written communication with Plaintiff and Class members regarding the debts, but Defendant failed to disclose in the letters that any information obtained as a result of the letters would be used for the purpose of collecting the debts.

45. Defendant's failure to make the aforementioned required disclosure amounts to a "false, deceptive, or misleading representation or means in connection with the collection of any debt", in violation of 15 U.S.C. § 1692e(11).

46. Section 1692k of the FDCPA provides a private right of action as follows:

(a) Amount of Damages.

9

> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of —
>
> * * *
>
> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or
>
> (2)(B) in the case of a class action,
>
>> (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and
>>
>> (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector[.]

15 U.S.C. § 1692k(a)(2)(A)-(B).

47. Plaintiff and Class members are entitled to statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A)-(B).

48. Defendant's noncompliance with the FDCPA was frequent and persistent because, upon information and belief, Defendant drafted the Letter and substantially similar letters through use of a form letter that Defendant sent to other Class members which did not disclose that any information obtained as a result of the letters would be used for the purpose of collecting the debts.

49. Defendant purposely did not disclose to Plaintiff and Class members that any information obtained as a result of the aforementioned letters would be used for the purpose of collecting the debts because Defendant intended to mislead Plaintiff and Class members into believing that they could disclose information to Defendant that would not be held against them for the purpose of collecting debts. For example, Defendant (a law firm) wrote in the letters: "Our firm wants to help you resolve this matter so we urge you to call today." *See*, Exhibit A.

50.  Defendant's conduct was intentional and did not result from a bona fide error.

51.  Plaintiff and Class members are also entitled to the costs of the action and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3).

52.  Defendant should be enjoined from sending further debt collection letters to other individuals and entities that do not disclose that any information obtained will be used for the purpose of collecting a debt.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff STEVE MERRITT, individually, and on behalf of the Class, prays for an Order as follows:

a. Finding that this action satisfies the prerequisites for maintenance as a class action set forth in 735 ILCS 5/2-801, *et seq.*, and certifying the Class defined herein,

b. Designating Plaintiff as the representative of the Class and his undersigned counsel as Class Counsel,

c. Entering judgment in favor of Plaintiff and the Class and against Defendant,

d. Awarding Plaintiff and the Class statutory damages and treble damages,

e. Awarding Plaintiff and the Class attorneys' fees and costs, including interest thereon, as allowed or required by law,

f. Enjoining Defendant from sending any other debt collection letters that do not satisfy the requirements of the FDCPA, and

g. Granting all such further and other relief as the Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action so triable.

STEVE MERRITT, individually, and on behalf of all others similarly situated,

By: _____
Thomas A. Zimmerman, Jr.
*tom@attorneyzim.com*
Amelia S. Newton
*amy@attorneyzim.com*
Sharon A. Harris
*sharon@attorneyzim.com*
Matthew C. De Re
*matt@attorneyzim.com*
Nickolas J. Hagman
*nick@attorneyzim.com*
Maebetty Kirby
*maebetty@attorneyzim.com*
ZIMMERMAN LAW OFFICES, P.C.
77 West Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone
(312) 440-4180 facsimile
Firm ID No. 34418
www.attorneyzim.com

Rusty A. Payton
*payton@paytondann.com*
PAYTONDANN
115 S. LaSalle Street, Suite 2600
Chicago, Illinois 60603
(312) 702-1000

Counsel for the Plaintiff and putative Class

# HELLER AND FRISONE, LTD.
### ATTORNEYS AND COUNSELORS
33 NORTH LASALLE ST. - SUITE 1200
CHICAGO, ILLINOIS 60602

(312) 759-2900
Fax(312) 236-3595
09/08/16

MERRITT, STEVE



Client Name: CITY OF CHICAGO
 a municipal corporation
Our File No.: 201617195
Amount Claimed: $680.74
Service Address: 
Client Reference No.:815762247909-867738

Our law firm has been retained by the City of Chicago - Department of Water to collect an unpaid water bill which is long past due. The current outstanding balance and property address concerning this bill are referenced above. Pursuant to Illinois Law, the City of Chicago has the absolute right to terminate your water service for nonpayment. As such, please send your payment in the above amount directly to this office, so we can close our file.

Please be advised that if we do not receive your payment, we have been instructed by the city to pursue this claim which may include legal proceedings and the filing of a complaint to recover the balance owed, plus additional attorney's fees and costs. Please give this matter your immediate attention. If you would like to discuss this matter further please contact one of our city representatives at (312) 759-2900. If you cannot pay the entire balance due there may be payment options available to you. Our firm wants to help you resolve this matter so we urge you to call today. Finally, because the city has already referred your account to our law firm, please DO NOT CONTACT THE CITY OF CHICAGO - DEPARTMENT OF WATER regarding this bill.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, we will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of the judgment or verification, whichever shall apply.

Please note that the City of Chicago is now, and has always been the original and only creditor for this debt.

Very Truly Yours,

HELLER & FRISONE LTD.

0106

**EXHIBIT A**