**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Steve Merritt | ) | |
| | ) | |
| Plaintiff, | ) | No. 16 C 11146 |
| | ) | |
| v. | ) | Judge Virginia M. Kendall |
| | ) | |
| Heller and Frisone, Ltd. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Defendant Heller and Frisone, Ltd.'s Motion To Dismiss (Dkt. 13) is denied.

**BACKGROUND**

On October 25, 2016, Plaintiff Steve Merritt, on behalf of himself and similarly situated parties, filed a putative class action complaint in Cook County Chancery Court. (Dkt. 1-1 at 2.) In his Complaint, Merritt alleges that Defendant Heller and Frisone, Ltd. ("Heller") violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* (the "FDCPA") when Heller sent him a debt collection letter without the necessary "mini-*Miranda*" warning required by 15 U.S.C. § 1692e(11). (*Id.*) Merritt alleges that the letter Heller sent him did not contain a warning that any information obtained as a result of the letter would be used for the purpose of collecting debt, and requests statutory and actual damages on behalf of himself and additional members of the proposed class. (*Id.* at 2–3.) On December 7, 2016, Heller filed a Notice of Removal and removed the Complaint to this Court. (Dkt. 1 at 1.) Under current consideration is Heller's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

The following allegations are taken as true for the purposes of evaluating the motion. *See Armstrong v. Daily*, 786 F.3d 529, 533 (7th Cir. 2015). At some point prior to 2016, Merritt purchased a residential home on Chicago's south side (the "Property"). At that time, Merritt intended to, and did use the Property as his principal residence. (*Id.* ¶ 17.) The Property received water from the City for Merritt's personal, family, and household use. (*Id.* ¶ 18–19.) On September 8, 2016, Heller sent Merritt a letter (the "Letter") attempting to collect a debt (the "Water Debt") on behalf of the City for an allegedly unpaid water bill. (*Id.* ¶ 21.) The Letter, which Merritt read, was the first time Heller contacted Merritt regarding the alleged debt. (*Id.* ¶¶ 26, 28.) The Letter did not state that any information obtained as a result of the Letter would be used for the purposes of collecting the alleged debt, in violation of the FDCPA. (*Id.* ¶ 27.)

**LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Lodholtz v. York Risk Servs. Group, Inc.*, 778 F.3d 635, 639 (7th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations in the claim must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). The Court "construe[s] all well-pleaded facts and draw[s] all inferences in the light most favorable to the nonmoving party." *See Vesely v. Armslist LLC*, 762 F.3d 661, 664 (7th Cir. 2014).

**DISCUSSION**

The FDCPA aims to eliminate abusive practices by debt collectors, preserve the competitive advantage of debt collectors who do not engage in abusive collection practices, and promote consistent enforcement of prohibitions on abusive collection practices. 15 U.S.C. § 1692(e). The FDCPA applies to unlawful collector behavior with respect to consumer debts. *See* 15 U.S.C. § 1692a(5) ("As used in this subchapter… 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the… subject[s] of the transaction are primarily for personal, family, or household purposes…."); *see also Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.,* 214 F.3d 872, 875 (7th Cir. 2000) (noting that the FDCPA "regulates the debt collection tactics employed against *personal* borrowers" because they are assumed to lack sophisticated knowledge of debt collection) (emphasis in original).

In determining whether a debt is covered by the FDCPA, the Court must undertake "a two-part inquiry, 'first asking whether the [alleged debts] qualify as obligation[s] of a consumer to pay money arising out of a transaction, and then assessing whether the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family or household purposes.'" *See Vasilakos v. Blitt & Gaines, P.C.*, No. 12 C 5526, 2013 WL 4047634, at *2 (N.D. Ill. Aug. 8, 2013) (quoting *Berman v. GC Servs. Ltd. P'ship,* 146 F.3d 482, 484 (7th Cir. 1998)).

Heller does not dispute that the Water Debt satisfies the first prong of the *Berman* inquiry. Instead, it focuses its Motion on the second prong, arguing that the Water Debt is not a consumer debt as defined by the FDCPA because the Property was not owned for a personal, family, or household purpose.(Dkt. 14 at 3.) To support this argument, Heller attached Merritt's bankruptcy schedules to his Motion – which, Heller argues, list the Property as "investment property." (*Id*.) Heller argues that these documents prove that the Property is a commercial property and not used for personal, family or household use. (*Id*. at 3–4.)

As a threshold matter, service charges and other expenses ancillary to the purchase of a home, like water service, can qualify as "debts" under the FDCPA, provided that the subject of the transaction was "primarily for personal, family, or household purpose." *Newman v. Boehm, Pearlstein & Bright, Ltd.*, 119 F.3d 477, 481 (7th Cir. 1997) (internal quotations omitted)

(holding that the obligation to pay condominium assessment fees "arose in connection with the purchase of the homes" and were therefore debts for purposes of the FDCPA). To assess the nature of the Water Debt, the Court focuses on the purpose of the Property at the "time the debt first arises, not when collection efforts begin." *Miller*, 214 F.3d at 874.

The Complaint alleges that at the time Merritt bought the Property, he "intended to, and did reside at the Property, and that the Property was [Merritt's] primary place of residence." (*See* Dkt. 1 ¶ 17.) None of the evidence submitted by Heller undercuts this allegation. The bankruptcy schedule Heller relies on is "not conclusive proof" that Merritt intended the Property to be commercial in nature "from the outset." *See*, *e.g.*, *Typpi v. PNC Bank, Nat'l Ass'n*, No. 13 CV 3930, 2014 WL 296035, at *4 (N.D. Ill. Jan. 27, 2014). In *Typpi*, the contested debt was a mortgage on a residential property.[1] *Id*. at *3. The defendant, seeking to establish that the debt was commercial and therefore not actionable under the FDCPA, introduced evidence that the plaintiff rented out the property after it was purchased. *Id*. In response, the plaintiff claimed that he initially purchased the home for personal use, and introduced some evidence supporting that supposition. *Id*. The District Court in *Typpi* held that the evidence of rental use subsequent to the plaintiff's purchase of the house was "not conclusive proof that Plaintiff planned to rent the property from the outset." *Id*., 2014 WL 296035, at *4. For similar reasons as the district court found in *Typpi*, the bankruptcy schedules offered here by Merritt does not definitively establish that the Property was purchased for commercial and not consumer use, as his bankruptcy came after the purchase of the home and "a full investigation of nature of the debt requires further development of the factual record."[2] *Id*.

Additionally, the two cases Heller cites to support its assertion that the Water Debt is not a consumer debt under the FDCPA are inapposite as they were decided outside of this Circuit and do not apply the Seventh Circuit's *Miller* analysis, which is controlling. Heller points to *Pollice v. Nat'l Tax Funding* to show that the water "obligations" owed by the plaintiff in that case "did not qualify as debts under the FDCPA because the services were not primarily for personal, family or household purposes." (Dkt. 14 at 3.) *Pollice* excluded potential members of the plaintiff class who owned property purely for rental purposes, but the Third Circuit did, in fact, recognize payment obligations for water services as a "debt" under the FDCPA. *See Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000) ("[W]e further will affirm the district court's determination that the water and sewer obligations constitute 'debts' under the FDCPA."). The second case cited by Heller interprets *Pollice* to hold that "water and sewer obligations owed by individuals who own their property for business purposes do not qualify as debts under the FDCPA." *Piper v. Portnoff Law Assocs.*, 215 F.R.D. 495, 501 (E.D. Pa. 2003). *Piper* did not analyze whether the transaction from which the debt emanated was a consumer purchase, and instead focused on whether the property was "own[ed]… for business purposes." 215 F.R.D. at 502. Additionally, the Pennsylvania district court that decided *Piper* was not

---

[1] In *Typpi*, "All parties agree[d] that the relevant point in time for determining the character of the debt is when the loan is made." 2014 WL 296035, at *3.

[2] In his Reply, Heller argues for the first time that one of Merritt's mortgages also supports the argument that the Property was for business instead of personal use. "[A]rguments raised for the first time in a reply brief are waived." *Darif v. Holder*, 739 F.3d 329, 336 (7th Cir. 2014). Even if the Court were to consider the mortgage debt, Heller would not be entitled to dismissal. As raised by Merritt in his sur-reply, there appears to be a significant factual dispute regarding which mortgage was in effect at the time the Property was purchased and the purpose, an issue inappropriate to resolve at this stage of the litigation.

bound to follow the Seventh Circuit's mandate set forth in *Miller*, but this Court must follow that guidance.

## **CONCLUSION**

Taking the facts as alleged in the Complaints as true, by alleging that at the time the Property was purchased, it was primarily for personal, family, or household use, Merritt has sufficiently alleged that the Water Debt falls within the bounds of the FDCPA. As a result, the Motion to Dismiss is DENIED.

Date: 4/5/2017

_____
Virginia M. Kendall
U.S. District Court Judge