## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STEVE MERRITT, individually, and on behalf of<br>all others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | No.  16-cv-11146 |
| | ) | |
| vs. | ) | Judge Virginia M. Kendall |
| | ) | |
| HELLER AND FRISONE, LTD., | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF THOMAS A. ZIMMERMAN, JR. IN SUPPORT OF
## PLAINTIFF'S PETITION FOR ATTORNEY'S FEES AND COSTS

I, Thomas A. Zimmerman, Jr., declare as follows:

1.       I am the sole shareholder of the firm of Zimmerman Law Offices, P.C. (the "Firm").

I submit this declaration in support of *Plaintiff's Petition for Attorney's Fees and Costs* in

connection with services rendered in the above-captioned litigation. I make this declaration based

on personal knowledge. If called as a witness, I could and would testify competently as to the

matters stated herein.

2.       I have significant experience in class action litigation, generally, and consumer

litigation, specifically.  For over 20 years, I have practiced extensively in class action, corporate,

commercial, consumer fraud, product liability, and other complex litigation where I have obtained

multi-million dollar jury verdicts.  I represent clients in state and federal trial and appellate courts

nationwide.  My qualifications are set forth in the Firm Resume attached hereto as Exhibit 1.

3.       In 2000, I was voted one of the *Top 40 Illinois Attorneys Under the Age of 40*.  In

2003, the Illinois Supreme Court appointed me to the Review Board of the Attorney Registration

and Disciplinary Commission ("ARDC"), and the Illinois Governor appointed me to the Illinois

Courts Commission.  In 2013, the ARDC appointed me as Special Counsel, wherein I conduct

**EXHIBIT A**

independent investigations in matters involving allegations of misconduct against attorneys associated with the ARDC. In 2017, I was selected as a *Super Lawyer* in the area of class action and mass torts. I have given presentations and written articles on various aspects of the law.

4. I am admitted to practice law in Illinois, and other states on a case-by-case basis, and I am admitted to practice before the U.S. Supreme Court, federal court of appeals, and federal district courts. Based on my demonstrated experience and ability, I was appointed to the federal court trial bar.

5. I have been lead counsel, class counsel, and served on executive committees in national and statewide class action litigation, and have handled multi-party litigation involving such companies as ADT, DaimlerChrysler, Commonwealth Edison, Mead Johnson, RC2 Corporation, PrimeCo Communications, Airgas USA, Ford Motor Co., the Chicago Sun-Times, Random House, Liberty Mutual Insurance Co., Templeton Rye, KCBX Terminals, World Gym International, as well as others. I am currently representing plaintiffs in several nationwide and statewide class action lawsuits pending in various courts across the country. Some of these cases are being litigated, and some are in the process of settling. *See* Representative Class Action Cases, listed in <u>Exhibit 1</u>.

6. The hourly rates for the attorneys at the Firm are comparable to rates charged by other attorneys with similar experience, skill, and reputation, for similar services in the Chicago legal market and comparable markets nationwide. I am aware of the market rate for lawyers for consumer litigation, as I have participated in and reviewed numerous settlements and court awards, and discussed these rates with other attorneys practicing this type of litigation.

7. Many other senior partner-level consumer class action plaintiffs' attorneys charge similar rates. For example Gene Stonebarger, a 2000 graduate of the University of San Diego School of Law, founded his own consumer class action law firm, Stonebarger Law, APC, in 2010. In a recent declaration filed in another case, Mr. Stonebarger stated that his hourly rate of $650 per hour was

approved in at least nine cases during 2012, and his mid-level associates' rate of $500 per hour was approved in five of those cases. *See Amelia Foos v. Ann, Inc.*, Case No. 3:11-cv-2794-L-MDD (S.D. Cal. Jan. 7, 2013). Other attorneys are approved at similar rates. *See, e.g., Crosby v. Regional Trans. Authority*, Case No. 07 C 6235 (N.D. Ill.), at DE 257, ¶ 12 (approving Lance Raphael at $615 per hour); *In re Sw. Airlines Voucher Litig.*, 11 C 8176, 2014 WL 2809016 (N.D. Ill. June 20, 2014) (approving Joseph J. Sipruit at $585 per hour); *Reibstein v. Rite Aid Corp.*, 761 F.Supp.2d 241, 258, 261 (E.D. Pa. 2011) (The Court approved an hourly rate of $650 in a consumer case).

8. The Firm billed my time at $605 per hour (denoted as TAZ in the attached billing records). As set forth herein, this rate is well within the parameters of the established market rate for lawyers with my experience (over 20 years) in the area of consumer litigation.

9. Additionally, the Laffey Matrix is a table prepared by the United States Attorney's Office for the District of Columbia listing appropriate hourly rates for attorneys of varying experience levels to be used in awarding reasonable attorney's fees. The Adjusted Laffey Matrix calculates the appropriate rates for each year by using the legal services component of the Consumer Price Index ("CPI") (rather than the entire CPI) and applies it to the Laffey Matrix. (*See http://www.laffeymatrix.com/see.html*, attached hereto as <u>Exhibit 2</u>). The Adjusted Laffey Matrix has been utilized by numerous Courts in determining reasonable attorney's fees. *Smith v. Dist. of Columbia*, 466 F.Supp.2d 151, 156 (D.D.C. 2006); *Salazar v. Dist. of Columbia*, 750 F.Supp.2d 70, 73 (D.D.C. 2011); *Ricks v. Barnes*, 2007 WL 956940, at *3 (D.D.C. Mar. 28, 2007). Indeed, the Adjusted Laffey Matrix has been held to be "more accurate" than the Laffey Matrix. *Smith*, 466 F.Supp.2d at 156.

10. Although the Laffey Matrix is not dispositive, many Courts in Illinois use the Laffey Matrix as "satisfactory evidence of the prevailing rate" in determining the reasonableness of attorney's fees. *See Hadnott v. City of Chicago*, No. 07 cv 6754, 2010 WL 1499473, at *6 (N.D. Ill.

April 12, 2010) (collecting cases); *Berg v. Culhane*, 09 cv 5803, 2011 WL 589631, at *3 (N.D. Ill. Feb. 10, 2011).

11.     My rate is between $221-$259 per hour *less* than the reasonable rate for someone with my experience (*i.e.,* $826-$864 per hour), according to the Adjusted Laffey Matrix, based upon the time period when the legal work was done in this matter.

12.     Several state and federal courts have approved my hourly rate as reasonable.  My current rate of $605 per hour was recently approved as reasonable. *See Ocasio v. First Financial Investment Fund V, LLC, et al.*, No. 15 cv 10167 (Docket No. 85); *Martin, et al. v. KCBX Terminals, et al.,* N.D. Ill. Case No. 13 cv 08376 (Docket No. 239); *Aliano v. Proximo Spirits, Inc.*, Cook Co. Circuit Court Case No. 14 CH 17429; *Aliano v. Templeton Rye Spirits, LLC*, Cook Co. Circuit Court Case No. 14 CH 15667.

13.     Years before that, my previous rate of $595 per hour was approved as reasonable. *See Bergman v. DAP Products, Inc.*, D. Md. Case No. 14 cv 3205 (Docket No. 64); *Aliano v. Airgas USA, LLC*, Cook Co. Circuit Court Case No. 14 CH 20024; *Papeck v. New York Jewelers, Inc.*, Cook Co. Circuit Court Case No. 09 CH 31995; *Yi v. T.N. Donnelly & Co.*, Cook Co. Circuit Court Case No. 09 CH 31997.   Before then, my previous rate of $550 per hour was approved as reasonable.  *See Redman v. RadioShack*, N.D. Ill. Case No. 11-cv-06741 (Docket No. 158).  My hourly rate has increased slightly to be consistent with the market rate for attorneys with my experience in consumer litigation cases.

14.     Matthew C. De Re is an attorney at the Firm who has approximately three (3) years of experience.  The Firm billed Mr. De Re's time at $325 per hour (denoted as MDR in the attached billing records).  This hourly rate is reasonable, as it is between $18-$34 per hour *less* than the reasonable rate for someone with his experience (*i.e.,* $343-$359 per hour) based upon the time period when the legal work was done in this matter, according to the Adjusted Laffey Matrix.  Mr.

4

De Re's rate of $325 per hour was approved as reasonable this year in *Ocasio v. First Financial Investment Fund V, LLC, et al.*, No. 15 cv 10167 (Docket No. 85); and years ago in *Martin, et al. v. KCBX Terminals, et al.*, N.D. Ill. Case No. 13 cv 08376 (Docket No. 239); *Bergman v. DAP Products, Inc.*, D. Md. Case No. 14 cv 3205 (Docket No. 64); *Aliano v. Airgas USA, LLC*, Cook Co. Circuit Court Case No. 14 CH 20024; *Papeck v. New York Jewelers, Inc.*, Cook Co. Circuit Court Case No. 09 CH 31995; *Yi v. T.N. Donnelly & Co.*, Cook Co. Circuit Court Case No. 09 CH 31997; *Aliano v. Proximo Spirits, Inc.*, Cook Co. Circuit Court Case No. 14 CH 17429; and *Aliano v. Templeton Rye Spirits, LLC*, Cook Co. Circuit Court Case No. 14 CH 15667.

15.     Maebetty Kirby is an attorney at the Firm who has approximately two (2) years of experience. The Firm billed Ms. Kirby's time at $325 per hour (denoted as MK in the attached billing records). This hourly rate is reasonable, as it is between $18-$34 per hour *less* than the reasonable rate for someone with her experience (*i.e.*, $343-$359 per hour) based upon the time period when the legal work was done in this matter, according to the Adjusted Laffey Matrix. Ms. Kirby's rate of $325 per hour was approved as reasonable this year in *Ocasio v. First Financial Investment Fund V, LLC, et al.*, No. 15 cv 10167 (Docket No. 85); and years ago in *Martin, et al. v. KCBX Terminals, et al.*, N.D. Ill. Case No. 13 cv 08376 (Docket No. 239).

16.     Several of the time entries are billed at a paralegal rate of $180 per hour for those tasks that did not require a high level of sophistication (denoted as KW in the attached billing records). The Court in *Serrano v. Sterling Testing Systems, Inc.* held that hourly rates between $125 and $225 for a paralegal are reasonable. 711 F.Supp.2d 402, 422, n.13 (E.D. Pa. 2010). This rate is also reasonable based upon the time period when the legal work was done in this matter, as it is between $7-$16 per hour *less* than the reasonable paralegal rate (*i.e.*, $187-$196 per hour), according to the Adjusted Laffey Matrix. (*See* Exhibit 2). Several state and federal courts have approved the Firm's current paralegal rate of $180 per hour as reasonable. *See Ocasio v. First*

*Financial Investment Fund V, LLC, et al.*, No. 15 cv 10167 (Docket No. 85); *Martin, et al. v. KCBX Terminals, et al.,* N.D. Ill. Case No. 13 cv 08376 (Docket No. 239); *Aliano v. Proximo Spirits, Inc.*, Cook Co. Circuit Court Case No. 14 CH 17429; and *Aliano v. Templeton Rye Spirits, LLC*, Cook Co. Circuit Court Case No. 14 CH 15667.  Years before that, the Firm's previous paralegal rate of $175 per hour was approved as reasonable. *See Aliano v. Airgas USA, LLC*, Cook Co. Circuit Court Case No. 14 CH 20024; *Papeck v. New York Jewelers, Inc.,* Cook Co. Circuit Court Case No. 09 CH 31995; *Redman v. RadioShack*, N.D. Ill. Case No. 11-cv-06741 (Docket No. 158); *Joseph v. Marbles LLC, et al.*, N.D. Ill. Case No. 13-cv-4798 (Docket No. 29); *Yi v. T.N. Donnelly & Co.,* Cook Co. Circuit Court Case No. 09 CH 31997; and *Bergman v. DAP Products, Inc.*, D. Md. Case No. 14 cv 3205 (Docket No. 64).  The paralegal hourly rate has increased slightly to be consistent with the market rate for paralegals in consumer litigation cases.

17.    The Firm spent a total of 101.70 hours on this litigation, from September 17, 2016 through August 16, 2017.  The total lodestar amount for the time incurred to date at market rates is $50,352.00.  This information was prepared under my direction from contemporaneous time records maintained by the Firm.  The detailed time records are attached hereto as Exhibit 3.  A summary of the billing records are as follows:

| ATTORNEY | RATE | HOURS | LODESTAR |
|---|---|---|---|
| Thomas A. Zimmerman, Jr. | $605 | 63.70 | $38,538.50 |
| Matthew C. De Re | $325 | 21.80 | $7,085.00 |
| Maebetty Kirby | $325 | 12.50 | $4,062.50 |
| Paralegal | $180 | 3.70 | $666.00 |
| **TOTAL** | | **101.70** | **$50,352.00** |

18.    Additionally, the Firm paid $678.00 in litigation costs and expenses to file and serve the Complaint, and for pertinent records from the Cook County Recorder.  (*See* Exhibit 3).

19.    The time incurred pertaining to this case is reflected in the books and records of the Firm.   These books and records are prepared contemporaneously with the performance of the services reflected therein and are an accurate record of the time incurred. I believe that the time reflected in the Firm's lodestar calculation as set forth herein are reasonable and were necessary for the effective and efficient prosecution and resolution of the litigation.

20.    The Firm accepted this litigation on a contingent fee basis, fronting costs and expenses, foregoing other work, and generally accepting the risk that they would ultimately be unsuccessful and receive no compensation for their work.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on August 29, 2017.


/s/ Thomas A. Zimmerman, Jr.
Thomas A. Zimmerman, Jr.

## ZIMMERMAN LAW OFFICES, P.C.

Since 1996, Zimmerman Law Offices has represented individuals and businesses in a wide array of legal matters. Its attorneys are established and respected trial lawyers who represent clients in complex litigation and class action lawsuits nationwide. The firm has an extensive and varied litigation-based practice, with a focus on class action litigation. Zimmerman Law Offices has recovered over $200 million on behalf of millions of individuals and businesses nationwide.

The attorneys at Zimmerman Law Offices are experienced in Multidistrict Litigation (MDL), having served as lead counsel in MDL cases throughout the country. These MDL cases included claims for fraud, improper pricing, misleading product claims, and privacy violations including data breaches.

## ATTORNEYS

### Thomas A. Zimmerman, Jr.

A seasoned litigator for over 20 years, Mr. Zimmerman practices extensively and has obtained multi-million dollar jury verdicts in class action, corporate, commercial, medical malpractice, consumer fraud, general civil, product liability, toxic tort, and other complex litigation. He represents both plaintiffs and defendants nationwide in state and federal trial and appellate courts. He also represents individuals and corporations in transactional matters, and before state and federal administrative and regulatory agencies.

Mr. Zimmerman has been lead counsel in national and state-wide class action litigation, and has handled other multi-party litigation involving such companies as MCI/Worldcom, United Airlines, Peoples Gas, AT&T, Warner-Lambert, Pfizer, Liberty Mutual Insurance Co., DaimlerChrysler, Commonwealth Edison, Ameritech, and Bridgestone/Firestone. He is well respected for his representation of physicians, dentists, nurses, psychologists, veterinarians, and many other licensed professionals before state and federal agencies including the Illinois Department of Financial and Professional Regulation, and the U.S. Department of Health and Human Services.

In 2017, he was selected as a *Super Lawyer* in the area of class action and mass torts.

In 2000, he was voted one of the Top 40 Illinois Attorneys Under the Age of 40. This is especially notable, as he was chosen out of 60,000 attorneys in Illinois under the age of forty.

In 2003, the Illinois Supreme Court appointed Mr. Zimmerman to the Review Board of the Attorney Registration and Disciplinary Commission ("ARDC"). He served in that capacity until 2011, wherein he presided over appeals by attorneys who have been found to have committed misconduct, and recommended discipline for their ethical violations. In 2013, the ARDC appointed Mr. Zimmerman as Special Counsel, wherein he conducts independent investigations in matters involving allegations of misconduct against attorneys associated with the ARDC.

**EXHIBIT 1**

Additionally, the Illinois Governor appointed Mr. Zimmerman to the Illinois Courts Commission in 2003. A Commission member presides over proceedings wherein judges are charged with committing ethical violations, and imposes discipline on judges who are found to have engaged in misconduct. Mr. Zimmerman has served as a Commission member continuously since his appointment.

Prior to becoming an attorney, Mr. Zimmerman worked for AT&T where he negotiated partnerships with companies for domestic and international joint-venture and new product development activities. During this time, he was the featured speaker at 400 conferences, seminars, and presentations. Thereafter, he presented oral testimony at various Federal Senate and Congressional hearings. After obtaining his law license, Mr. Zimmerman has lectured at law schools and seminars, and is frequently interviewed by the news media concerning legal issues.

Mr. Zimmerman earned a B.S. in Computer Science-Mathematics from the University of Illinois, and an M.B.A. in Finance from DePaul University in the evenings while working for AT&T. After leaving AT&T, Mr. Zimmerman earned his law degree from the Chicago-Kent College of Law, where he was a Ramsey-Burke Scholarship recipient and earned the Academic Achievement Award.

He is admitted to practice law in Illinois, and other states on a case-by-case basis, and he is admitted to practice before the U.S. Supreme Court, and various federal courts of appeal and federal district courts. Based on his demonstrated experience and ability, he was appointed to the federal court trial bar.

Mr. Zimmerman is currently the chair of the Clerk of the Circuit Court of Cook County Attorney Advisory Committee, and was formerly co-chair of the Clerk of the Circuit Court Transition and Strategic Planning Public Policy Subcommittee.

Mr. Zimmerman is a member of the American, Illinois State, and Chicago Bar Associations, and the Illinois Trial Lawyers Association, where he serves on various committees. He is also a member of the American Association for Justice. In 2000, he was appointed to the Illinois Trial Lawyers Association Board of Advocates.

Involved in numerous community service activities, Mr. Zimmerman has been an Illinois State Board of Education surrogate parent of disabled children since 1988. In addition, he was a speaker on the rights of disabled people for the Illinois Planning Council on Developmental Disabilities, and a Family Shelter Service counselor to battered children for many years. He has been recognized by the federal court for his pro bono representation of indigent clients.

### Sharon A. Harris

Ms. Harris has extensive experience litigating complex class action matters in state and federal trial and appellate courts nationwide. For almost 17 years, she has focused her practice on consumer protection, product liability, privacy, and antitrust matters. Ms. Harris has developed a particular expertise in state unfair and deceptive practice statutes, privacy laws, federal antitrust

laws, the Fair Credit Reporting Act, the Racketeer Influenced and Corrupt Organizations Act (RICO), the Telephone Consumer Protection Act, and various other federal and state laws. For example, she was appointed class counsel in *In re Pilot Flying J Fuel Rebate Contract Litigation*, which involved allegations that the defendants violated RICO and various state laws by withholding portions of fuel discounts and rebates to which class members were contractually entitled.

Ms. Harris received her Bachelor of Science degree from Michigan State University with a dual major in Political Science and Social Science. She received her law degree from DePaul University College of Law.

She is admitted to practice in the State of Illinois, the United States District Court for the Northern District of Illinois, and the United States Courts of Appeals for the Seventh and Ninth Circuits, and she is a member of the American, Illinois State, and Chicago Bar Associations.

## Matthew C. De Re

Mr. De Re advocates for both plaintiffs and defendants nationwide in state and federal trial and appellate courts. His practice areas include class action, corporate, commercial, consumer fraud, general civil, product liability, personal injury, and other complex litigation. He also represents professionals, such as physicians, dentists, nurses, insurance producers, and real estate brokers, before state and federal agencies, including the Illinois Department of Financial and Professional Regulation and the Department of Insurance. In addition to his extensive litigation practice, Mr. De Re assists individuals and corporations in transactional matters.

He has experience in all phases of litigation, including extensive discovery and substantive motion practice. He has assisted in the defense of individuals and companies in cases involving personal injury, employment, and civil rights. Mr. De Re has also vigorously pursued recovery for plaintiffs in numerous civil matters. Prior to joining Zimmerman Law Offices, he served as a Law Clerk for the Circuit Court of Cook County.

Mr. De Re graduated from the University of Wisconsin-Madison with a B.S. in both Political Science and History. He earned his law degree from Washington University in St. Louis. While in law school, he received academic awards and appeared on the Dean's List multiple times. He also served two years on the Executive Board of the Student Bar Association and was the Associate Managing Editor for the Washington University Journal of Law & Policy.

He is admitted to practice law in the State of Illinois and is a member of the Illinois State and Chicago Bar Associations.

## Nickolas J. Hagman

Mr. Hagman is licensed to practice law in both the State of Illinois and the State of Wisconsin where he represents clients in state and federal courts. Mr. Hagman represents plaintiffs and

3

defendants in cases involving class action, general civil, commercial, consumer fraud, corporate, product liability, personal injury, and other complex litigation issues. Additionally, Mr. Hagman represents licensed professionals, including physicians, dentists, nurses, insurance producers, and real estate brokers, before state and federal agencies, including the Illinois Department of Financial and Professional Regulation and the Department of Insurance.

Mr. Hagman graduated *magna cum laude* from the University of Minnesota-Twin Cities with a bachelor's degree in both Political Science and Spanish. He earned his law degree from Marquette University Law School in Milwaukee, Wisconsin. While in law school, he received academic awards and appeared on the Dean's List multiple times. He participated in several moot court competitions and also served for two years as Associate Editor of the Marquette Law Review.

Prior to joining Zimmerman Law Offices, he served as a Judicial Law Clerk for several judges in the Milwaukee County Circuit Court in Wisconsin. He is a member of the Illinois, Wisconsin, Chicago, and Milwaukee Bar Associations.


**Maebetty Kirby**

Ms. Kirby represents plaintiffs and defendants in class actions, consumer fraud, general civil, commercial, product liability, personal injury, and complex litigation. In addition, she represents licensed professionals, including physicians, dentists, nurses, insurance producers, and real estate brokers, before state and federal agencies, including the Illinois Department of Financial and Professional Regulation and the Illinois Department of Insurance.

Ms. Kirby graduated *cum laude* from Washington University School of Law. In law school, she received several academic honors and consistently appeared on the Dean's List. She was awarded the Judge John W. Calhoun Trial Practice Award after serving as Captain of the National Trial Team, where she was named National Champion of the ABA Labor and Employment Trial Advocacy Championship, National Finalist of the TYLA National Trial Competition, and Regional Champion of several local trial competitions. Ms. Kirby was also a member of the Student Bar Association and on the board of the *Washington University Journal of Law & Policy*.

Ms. Kirby earned her B.A. from Tulane University where she graduated *summa cum laude* with Departmental Honors. In undergraduate school, she was inducted into *Phi Beta Kappa* and the Wallace Peery Society, an honor reserved for the top 20 undergraduates in Tulane University's graduating class.

Prior to joining Zimmerman Law Offices, Ms. Kirby worked for the Illinois Attorney General's Office, the Cook County State's Attorney's Office, and the St. Louis Circuit Attorney's Office. She is admitted to practice law in the State of Illinois and is a member of the Illinois State and Chicago Bar Associations.

**Jordan M. Rudnick** (*of counsel*)

Mr. Rudnick represents individuals and large national and international companies in providing business advice, counsel and dispute resolution in a wide variety of contexts for almost 20 years. In particular, Mr. Rudnick represents plaintiffs and defendants nationwide in class action, corporate, commercial, consumer fraud, general civil, and other complex litigation in state and federal courts, arbitrations, and mediations. Mr. Rudnick has been involved in all phases of litigation, including extensive discovery, substantive motion practice, trials and appeals.

His experience as an attorney also includes representing parties in nationwide securities fraud class actions. Notably, Mr. Rudnick represented Canadian Imperial Bank of Commerce in the Enron class action securities litigation and related proceedings. He also has extensive experience representing commercial policyholders in recovering insurance proceeds from their insurers.

Mr. Rudnick serves as an arbitrator for FINRA (Financial Industry Regulatory Authority, formerly known as the NASD or National Association of Securities Dealers) where he and panels of two other arbitrators decide the outcome of disputes between investors and securities brokers and dealers.

He has provided extensive pro bono representation of improperly-expelled school children in conjunction with the Legal Assistance Foundation of Metropolitan Chicago, and with the Chicago Coalition for the Homeless. In addition, in his spare time, he is a volunteer at the Lincoln Park Community Homeless Shelter.

Mr. Rudnick served as a judicial law clerk to the Honorable Justice Joseph Gordon, Illinois Appellate Court, 1st District, where he drafted opinions in appeals arising from complex civil and criminal trial court decisions.

Mr. Rudnick earned his B.A. in Political Science from the University of Chicago, and he graduated *cum laude* from the John Marshall Law School with honors and on a full scholarship. In law school, he appeared on the Dean's List, and he was a member of the school's Moot Court Team. He also was a Staff Editor on the *John Marshall Law Review* for two years.

He is admitted to practice law in Illinois, New York, and Washington, D.C., and is a member of the Chicago Bar Association, NAACP, and ACLU.

## REPRESENTATIVE CLASS ACTION CASES

**Completed Cases**

*Misleading Product Claims* — $62 million recovery for a nationwide class of customers who purchased products that were advertised to reduce cellulite in the human body, plus equitable relief to correct the misleading claims. *Joseph v. Beiersdorf North America, Inc.*, No. 11 CH 20147 (Cook Cnty, Ill.).

*Improper Cellular Phone Fee* — $48 million recovery for a statewide class of businesses and individuals who paid an improper municipal infrastructure maintenance fee on their cellular phone bills. *PrimeCo Personal Communications, et al. v. Illinois Commerce Commission, et al.*, 98 CH 5500 (Cook Cnty, Ill.).

*Fraud* — $31 million recovery for a nationwide class of businesses and individuals who placed advertisements in a newspaper based on fraudulent circulation figures. *In re Chicago Sun-Times Circulation Litigation*, No. 04 CH 9757 (Cook Cnty, Ill.).

*Misleading Product Claims* — $14 million recovery for a nationwide class of customers who purchased defective garden hoses with misleading claims, plus equitable relief to extend the product's warranty. *Bergman, et al. v. DAP Products, Inc., et al.*, No. 14 cv 3205 (D. Md.).

*Power Outages* — $7.75 million recovery for a statewide class of businesses and individuals who sustained financial damages due to widespread and prolonged power outages. *In re Commonwealth Edison 1999 Summer Power Outages*, No. 99 CH 11626 (Cook Cnty, Ill.).

*Privacy Violation* — $7.3 million recovery for a nationwide class of consumers whose personal information was improperly disclosed. *Aliano v. Airgas USA, LLC*, No. 14 CH 20024 (Cook Cnty, Ill.).

*Unsolicited Faxes* — $4 million recovery for a nationwide class of businesses and individuals who sustained damages resulting from the receipt of unsolicited facsimile advertisements. *Derose Corp. v. Goyke Health Center*, 06 CH 6681 (Cook Cnty, Ill.).

*Fraud* — $3.5 million recovery for a nationwide class of Spanish speaking purchasers of baby formula, arising out of misleading product labeling. *Cardenas v. Mead Johnson & Company*, No. 01 CH 11151 (Cook Cnty, Ill.).

*Misleading Product Labeling* — $2.5 million recovery for a nationwide class of businesses and individuals who purchased whiskey whose labeling misstated the characteristics of the product. *Due Fratelli, Inc. v. Templeton Rye Spirits, LLC*, No. 2014 CH 15667 (Cook Cnty, Ill.).

*Misrepresentations in Book* — $2.35 million recovery for a nationwide class of customers who purchased a fictional book while under the impression that the book was a non-fiction memoir. *In re A Million Little Pieces Litigation*, No. 06-md-1771 (S.D. NY).

*Improper Debiting of Bank Accounts* — $1.5 million recovery for a statewide class of individuals who were members of a health club that debited its members' bank accounts without adequate notice or authority. *Wendorf, et al. v. Landers, et al.*, No. 10 cv 1658 (N.D. Ill.).

*Environmental Contamination* — $1.4 million recovery for a statewide class of individuals and businesses who suffered from an infiltration of coal and petroleum coke dust in the air and on their property. *Martin, et al. v. KCBX Terminals Company, et al.*, No. 13 cv 08376 (N.D. Ill.).

_School Misrepresenting Accreditation_ — $1.2 million recovery, representing nearly the full value of each class member's loss, for a statewide class of individuals who enrolled in a school based on the school's misrepresentations that it was accredited. *Allen v. Illinois School of Health Careers, Inc.*, No. 10 CH 25098 (Cook Cnty, Ill.).

_Privacy Violation_ — $1 million recovery for a nationwide class of consumers whose personal information was improperly disclosed. *Radaviciute v. Christian Audigier, Inc.*, No. 10 cv 8090 (N.D. Ill.).

_Privacy Violation_ — $500,000 recovery for a statewide class of consumers whose personal information was improperly disclosed. *Aliano v. Joe Caputo and Sons – Algonquin, Inc*., et al., No. 09 cv 0910 (N.D. Ill.).

_Contaminated Drinking Water_ — $500,000 recovery for a statewide class of individuals who suffered damages as a result of a contaminated water well, plus equitable relief to close the well. *Joseph Marzano v. Village of Crestwood*, No. 09 CH 16096 (Cook Cnty, Ill.).

_Fraud_ — $425,000 recovery for a nationwide class of businesses and individuals who purchased spirits whose labeling misstated the characteristics of the product. *Due Fratelli, Inc. v. Proximo Spirits, Inc.*, No. 2014 CH 17429 (Cook Cnty, Ill.).

_Privacy Violation_ — $295,000 recovery for a nationwide class of consumers whose personal information was improperly disclosed. *Joseph v. Marbles, LLC*, No. 13 cv 4798 (N.D. Ill.).

_Privacy Violation_ — $250,000 recovery for a nationwide class of consumers whose personal information was improperly disclosed. *DiParvine v. A.P.S., Inc. d/b/a Car Quest Auto Parts*, No. 11 cv 6116 (N.D. Ill.).

_Unsolicited Faxes_ — $237,600 recovery for a statewide class of individuals and businesses who sustained damages resulting from the receipt of unsolicited facsimile advertisements. *Phillips Randolph Enterprises, LLC v. Key Art Publishing Co.,* No. 07 CH 14018 (Cook Cnty, Ill.).

_Improper Health Club Memberships_ — $138,000 recovery for a statewide class of individuals whose health club membership agreements provided for improper membership terms. *Izak-Damiecki v. World Gym International, LLC*, No. 10 CH 18845 (Cook Cnty, Ill.).

_Illegal Lending Practices_ — $127,500 recovery, representing the maximum amount of statutory damages, for a nationwide class of customers who obtained loans whose terms violated the Truth in Lending Act, plus equitable relief to modify the loan contract to conform with the law. *Papeck, et al. v. T.N. Donnelly & Co.*, No. 09 CH 31997 (Cook Cnty, Ill.).

_Privacy Violation_ — Recovery for a nationwide class of over 36 million consumers whose personal information was improperly disclosed. *Dudzienski v. GMRI, Inc.*, No. 07 cv 3911 (N.D. Ill.).

*Unsolicited Faxes* — Recovery for a statewide class of individuals and businesses who sustained damages resulting from the receipt of unsolicited facsimile advertisements. *Phillips Randolph Enterprises, LLC v. Home Run Inn, Inc.*, No. 08 CH 43273 (Cook Cnty, Ill.).

*Privacy Violation* — Recovery for a statewide class of over 60,000 consumers whose personal information was improperly disclosed. *O'Brien v. Paninos, Inc.*, No. 10 cv 2991 (N.D. Ill.).

*Breach of Warranty* — Recovery on behalf of a nationwide class of customers who had their warranty retroactively changed from a lifetime guarantee to a 90-day guarantee, plus equitable relief to reinstate the lifetime guarantee on the products. *Brady, et al. v. Learning Curve Int'l, Inc.*, *et al.*, No. 06 CH 03056 (Cook Cnty, Ill.).

*Privacy Violation* — Recovery for a nationwide class of tens of thousands of consumers whose personal information was improperly disclosed. *In re Kathy Aliano v. Hancock Fabrics, Inc.*, No. 07-10353 (Del. Bkpt).

*Misleading Product Claims* — Equitable relief recovery for a nationwide class of individuals who were sold submarine sandwiches materially shorter than advertised. *In re Subway Footlong Sandwich Marketing and Sales Practices Litigation*, No. 2:13-md-02439 (E.D. Wis.).

*Improper Debt Collection* — Recovery on behalf of a nationwide class of individuals against whom attempts were made to collect a time-barred debt, in violation of the Fair Debt Collection Practices Act. *Ocasio v. First Financial Investment Fund V, LLC, et al.*, No. 15 cv 10167.

## Pending Cases – Settlements Awaiting Final Approval

*Defective Products* — lead class counsel — $16 million recovery for a nationwide class of individuals who purchased defective home security systems that could be easily hacked and disabled. *Edenborough v. ADT, LLC, et al.*, No. 16 cv 2233 (N.D. Cal.).

*Fraud / Data Breach* — executive committee member — $11 million recovery for a nationwide class of individuals who had their personal and financial data stolen due to insufficient protection of that information by an internet service provider, and who also paid money to that provider based on misrepresentations. *In re Ashley Madison Customer Data Security Breach Litigation*, MDL No. 2669 (E.D. Mo.).

*Defective Vehicles* — class counsel — Monetary and injunctive relief for a nationwide class of individuals and businesses who purchased vehicles manufactured with a defective transmission. *Vargas, et al. v. Ford Motor Co.*, No. 12 cv 8388 (C.D. Cal.).

## Pending Cases – Appointed to Executive Committee

*Misleading Product Claims* — Class action for a nationwide class of individuals who purchased defective cheese products based on misleading representations. *In re 100% Grated Parmesan Cheese Marketing and Sales Practices Litigation*, MDL No. 2707 (N.D. IL).

*False Advertising* — Class action for a nationwide class of individuals who purchased products that did not contain ingredients that were represented on the packaging. *In re Quaker Oats Maple & Brown Sugar Instant Oatmeal Litigation*, No. 2:16 cv 1442 (C.D. Cal.).

## Pending Cases

*Defective Products* — Class action for a nationwide class of individuals who sustained financial and personal injuries resulting from their purchase and use of baby wipes that were tainted with a dangerous bacteria.

*Data Breach* — Class action for a nationwide class of individuals who had their personal, financial, and medical data stolen due to insufficient protection of that information by a retailer.

*Misleading Product Claims* — Class action for a nationwide class of individuals who purchased mulch products that advertised a larger quantity than was actually provided to the purchaser.

*Antitrust* — Class action for a nationwide class of individuals who purchased seafood products from companies that conspired to fix prices in violation of the Sherman Act.

*Improper Court Fee* — Class action for a nationwide class of individuals and businesses who were charged an improper fee by the Clerk of the Court.

*Unpaid Overtime* — Class action for a nationwide class of individuals who were not paid all wages and premium overtime for hours worked in excess of forty hours per week.

*Misleading Product Claims* — Class action for a nationwide class of individuals and businesses who purchased cleaning products that advertised they were made of higher quality ingredients than were actually contained in the products.

*Improper Debt Collection* — Class action for a nationwide class of individuals who were sent misleading debt collection letters, in violation of the Fair Debt Collection Practices Act.

*Fraud* — Class action for a nationwide class of individuals who made purchases based on fraudulent misrepresentations concerning a sporting event.

*Misleading Product Labeling* — Class action for a nationwide class of individuals who purchased a product whose packaging misstated the characteristics of the product.

*Antitrust* — Class action for a nationwide class of individuals who subscribed to television services from companies that conspired to fix prices in violation of the Sherman Act.

*Data Breach* — Class action for a statewide class of individuals who had their personal, financial, and medical data stolen due to insufficient protection of that information by a hospital.

*Unsolicited Faxes* — Class action for a nationwide class of individuals and businesses who sustained damages resulting from the receipt of unsolicited facsimile advertisements.

_Defective Product_ — Class action for a nationwide class of individuals who became ill after consuming a food product that was contaminated with _Salmonella_.

_Fraud_ — Class action for a nationwide class of individuals who were charged inflated premiums by mortgage servicers who force-placed insurance policies on their properties in exchange for improper kickbacks.

_Environmental Contamination_ — Class action for a statewide class of individuals who suffered from an infiltration of lead and arsenic on their property.

_Breach of Contract_ — Class action for a nationwide class of sonographers who took and passed a certification examination but the testing agency improperly scored their results and falsely reported that they failed the examination.


**NOTE:** This list of cases is a representative sample of some of the class action lawsuits. It is not an exhaustive list.

# LAFFEY MATRIX

History

Case Law

Expert Opinions

See the Matrix

Contact us

Home

Links

|  | | | Years Out of Law School * | | | | |
| Year | Adjustmt Factor** | Paralegal/ Law Clerk | 1-3 | 4-7 | 8-10 | 11-19 | 20 + |
|---|---|---|---|---|---|---|---|
| 6/01/17- 5/31/18 | 1.0463 | $196 | $359 | $440 | $636 | $717 | $864 |
| 6/01/16- 5/31/17 | 1.0369 | $187 | $343 | $421 | $608 | $685 | $826 |
| 6/01/15- 5/31/16 | 1.0089 | $180 | $331 | $406 | $586 | $661 | $796 |
| 6/01/14- 5/31/15 | 1.0235 | $179 | $328 | $402 | $581 | $655 | $789 |
| 6/01/13- 5/31/14 | 1.0244 | $175 | $320 | $393 | $567 | $640 | $771 |
| 6/01/12- 5/31/13 | 1.0258 | $170 | $312 | $383 | $554 | $625 | $753 |
| 6/01/11- 5/31/12 | 1.0352 | $166 | $305 | $374 | $540 | $609 | $734 |
| 6/01/10- 5/31/11 | 1.0337 | $161 | $294 | $361 | $522 | $589 | $709 |
| 6/01/09- 5/31/10 | 1.0220 | $155 | $285 | $349 | $505 | $569 | $686 |
| 6/01/08- 5/31/09 | 1.0399 | $152 | $279 | $342 | $494 | $557 | $671 |
| 6/01/07-5/31/08 | 1.0516 | $146 | $268 | $329 | $475 | $536 | $645 |
| 6/01/06-5/31/07 | 1.0256 | $139 | $255 | $313 | $452 | $509 | $614 |
| 6/1/05-5/31/06 | 1.0427 | $136 | $249 | $305 | $441 | $497 | $598 |
| 6/1/04-5/31/05 | 1.0455 | $130 | $239 | $293 | $423 | $476 | $574 |
| 6/1/03-6/1/04 | 1.0507 | $124 | $228 | $280 | $405 | $456 | $549 |
| 6/1/02-5/31/03 | 1.0727 | $118 | $217 | $267 | $385 | $434 | $522 |
| 6/1/01-5/31/02 | 1.0407 | $110 | $203 | $249 | $359 | $404 | $487 |
| 6/1/00-5/31/01 | 1.0529 | $106 | $195 | $239 | $345 | $388 | $468 |
| 6/1/99-5/31/00 | 1.0491 | $101 | $185 | $227 | $328 | $369 | $444 |
| 6/1/98-5/31/99 | 1.0439 | $96 | $176 | $216 | $312 | $352 | $424 |
| 6/1/97-5/31/98 | 1.0419 | $92 | $169 | $207 | $299 | $337 | $406 |
| 6/1/96-5/31/97 | 1.0396 | $88 | $162 | $198 | $287 | $323 | $389 |
| 6/1/95-5/31/96 | 1.032 | $85 | $155 | $191 | $276 | $311 | $375 |

**EXHIBIT 2**

| 6/1/94-5/31/95 | 1.0237 | $82 | $151 | $185 | $267 | $301 | $363 |

The methodology of calculation and benchmarking for this Updated Laffey Matrix has been approved in a number of cases. See, e.g., McDowell v. District of Columbia, Civ. A. No. 00-594 (RCL), LEXSEE 2001 U.S. Dist. LEXIS 8114 (D.D.C. June 4, 2001); Salazar v. Dist. of Col., 123 F.Supp.2d 8 (D.D.C. 2000).

* "Years Out of Law School" is calculated from June 1 of each year, when most law students graduate. "1-3" includes an attorney in his 1st, 2nd and 3rd years of practice, measured from date of graduation (June 1). "4-7" applies to attorneys in their 4th, 5th, 6th and 7th years of practice. An attorney who graduated in May 1996 would be in tier "1-3" from June 1, 1996 until May 31, 1999, would move into tier "4-7" on June 1, 1999, and tier "8-10" on June 1, 2003.

** The Adjustment Factor refers to the nation-wide Legal Services Component of the Consumer Price Index produced by the Bureau of Labor Statistics of the United States Department of Labor.

# ZIMMERMAN LAW OFFICES, P.C.

77 West Washington Street
Suite 1220
Chicago, Illinois 60602
Telephone (312) 440-0020
Facsimile (312) 440-4180

www.attorneyzim.com

August 29, 2017

Heller and Frisone Class Action

In Reference To: Steve Merritt v. Heller and Frisone, Ltd.
Court No. 16 cv 11146

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/17/2016 | TAZ | Review and analyze documents from co-counsel regarding potential case | 0.80 $605.00/hr | 484.00 |
| | TAZ | Draft and review emails to and from co-counsel regarding potential case | 0.40 $605.00/hr | 242.00 |
| 9/21/2016 | TAZ | Draft and review emails to and from co-counsel regarding potential case | 0.30 $605.00/hr | 181.50 |
| 9/23/2016 | TAZ | Draft and review emails to and from co-counsel regarding potential case | 0.30 $605.00/hr | 181.50 |
| | TAZ | Review and analyze documents from co-counsel regarding potential case | 0.30 $605.00/hr | 181.50 |
| 9/26/2016 | TAZ | Conference with client and co-counsel regarding potential case | 1.10 $605.00/hr | 665.50 |
| 10/3/2016 | TAZ | Review and analyze documents regarding potential case | 1.40 $605.00/hr | 847.00 |
| 10/4/2016 | TAZ | Conference with client and co-counsel regarding potential case | 0.80 $605.00/hr | 484.00 |
| 10/5/2016 | TAZ | Legal research relative to potential claims | 2.90 $605.00/hr | 1,754.50 |
| 10/11/2016 | TAZ | Draft Class Action Complaint. | 5.70 $605.00/hr | 3,448.50 |

**EXHIBIT 3**

Page 2

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/11/2016 | MDR | Research availability of injunctive relief in FDCPA cases. | 2.60<br>$325.00/hr | 845.00 |
| 10/17/2016 | TAZ | Revise Class Action Complaint. | 1.90<br>$605.00/hr | 1,149.50 |
| 10/25/2016 | MDR | Review and revise Complaint | 2.80<br>$325.00/hr | 910.00 |
| | TAZ | Legal research relative to contractual nature of water service. | 3.60<br>$605.00/hr | 2,178.00 |
| | MDR | Telephone conference with co-counsel regarding status of case. | 0.70<br>$325.00/hr | 227.50 |
| | MDR | Draft and review emails to and from co-counsel regarding pleadings | 0.20<br>$325.00/hr | 65.00 |
| | KW | Draft civil cover sheet | 0.30<br>$180.00/hr | 54.00 |
| | KW | Draft summons to defendant | 0.30<br>$180.00/hr | 54.00 |
| | KW | File Complaint at court and place it for service on defendant | 0.50<br>$180.00/hr | 90.00 |
| 12/7/2016 | TAZ | Review and analyze notice of removal and removal papers filed by defendant | 0.70<br>$605.00/hr | 423.50 |
| 12/14/2016 | KW | Draft appearances of counsel for Nickolas J. Hagman, Thomas A. Zimmerman, Jr., Matthew De Regarding.  E-file them. | 0.50<br>$180.00/hr | 90.00 |
| | TAZ | Draft and review emails to and from opposing counsel regarding extension of time | 0.10<br>$605.00/hr | 60.50 |
| | TAZ | Review motion for extension of time filed with the court | 0.20<br>$605.00/hr | 121.00 |
| 12/15/2016 | KW | Review order granting motion for extension of time | 0.10<br>$180.00/hr | 18.00 |
| 1/5/2017 | MDR | Draft and review emails to and from opposing counsel regarding joint status report. | 0.20<br>$325.00/hr | 65.00 |
| 1/9/2017 | KW | Review court order | 0.10<br>$180.00/hr | 18.00 |
| 1/12/2017 | TAZ | Legal research regarding personal, family, or household use relative to consumer debts. | 1.90<br>$605.00/hr | 1,149.50 |

Page      3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/12/2017 | MDR | Telephone conference with opposing counsel for initial status report. | 0.20 $325.00/hr | 65.00 |
|  | TAZ | Review and analyze Defendant's Motion to Dismiss and Memorandum of Law. | 2.30 $605.00/hr | 1,391.50 |
|  | KW | Review court order | 0.10 $180.00/hr | 18.00 |
| 1/13/2017 | TAZ | Legal research regarding personal, family, or household use relative to consumer debts. | 0.70 $605.00/hr | 423.50 |
|  | TAZ | Conference with co-counsel regarding motion to dismiss | 0.90 $605.00/hr | 544.50 |
| 1/17/2017 | KW | Review Court's standing order regarding joint initial status reports. | 0.20 $180.00/hr | 36.00 |
|  | MDR | Draft joint initial status report. | 1.30 $325.00/hr | 422.50 |
| 1/19/2017 | TAZ | Revise initial joint status report | 0.30 $605.00/hr | 181.50 |
|  | MDR | Draft and review emails to and from co-counsel regarding motion to dismiss. | 0.20 $325.00/hr | 65.00 |
|  | MDR | Draft and review emails to and from opposing counsel and co-counsel regarding initial status report. | 0.20 $325.00/hr | 65.00 |
|  | TAZ | Draft response to motion to dismiss. | 1.90 $605.00/hr | 1,149.50 |
|  | TAZ | Legal research regarding rental property and bankruptcy. | 1.60 $605.00/hr | 968.00 |
| 1/20/2017 | TAZ | Review initial status report with revisions from defense counsel | 0.20 $605.00/hr | 121.00 |
| 1/23/2017 | TAZ | Revise joint initial status report. | 0.20 $605.00/hr | 121.00 |
|  | MDR | Draft and review emails to and from co-counsel regarding motion to dismiss. | 0.20 $325.00/hr | 65.00 |
|  | MDR | Draft and review emails to and from opposing counsel regarding joint status report. | 0.20 $325.00/hr | 65.00 |
|  | KW | E-file joint status report with Court. | 0.20 $180.00/hr | 36.00 |

Page     4

| Date | | Description | Hrs/Rate | Amount |
|------|------|-------------|----------|--------|
| 1/24/2017 | MDR | Draft response to Motion to Dismiss. | 2.30 $325.00/hr | 747.50 |
| 1/25/2017 | TAZ | Draft response to Motion to Dismiss. | 4.60 $605.00/hr | 2,783.00 |
| | MDR | Telephone conference with Client. | 0.60 $325.00/hr | 195.00 |
| 1/26/2017 | MDR | Revise response to Motion to Dismiss. | 2.10 $325.00/hr | 682.50 |
| | MDR | Court appearance for initial status hearing. | 1.00 $325.00/hr | 325.00 |
| | KW | Electronically file Response to Motion to Dismiss. | 0.10 $180.00/hr | 18.00 |
| 1/27/2017 | KW | Review Court order | 0.10 $180.00/hr | 18.00 |
| 2/6/2017 | TAZ | Review and analyze Defendant's Reply in Support of Motion to Dismiss. | 1.70 $605.00/hr | 1,028.50 |
| 2/7/2017 | TAZ | Research regarding Plaintiff's original mortgage. | 1.20 $605.00/hr | 726.00 |
| 2/8/2017 | TAZ | Draft Sur-Reply in Opposition to Defendant's Motion to Dismiss. | 1.90 $605.00/hr | 1,149.50 |
| 2/9/2017 | MDR | Draft Motion for Leave to File Sur-Reply in Opposition to Defendant's Motion to Dismiss. | 1.10 $325.00/hr | 357.50 |
| | TAZ | Revise Sur-Reply in Opposition to Defendant's Motion to Dismiss. | 0.80 $605.00/hr | 484.00 |
| 2/10/2017 | TAZ | Revise motion for leave to file a sur-reply | 0.80 $605.00/hr | 484.00 |
| | TAZ | Review and analyze deeds and mortgages on plaintiff's property. Revise sur-reply. | 2.40 $605.00/hr | 1,452.00 |
| | KW | Draft Notice of Motion for Leave to File Sur-Reply in Opposition to Defendant's Motion to Dismiss. File all documents. | 0.20 $180.00/hr | 36.00 |
| | MDR | Draft Plaintiff's Rule 26(a) disclosures. | 1.30 $325.00/hr | 422.50 |
| | MDR | Review email from Defendant's counsel with Defendant's Rule 26(a) disclosures. | 0.10 $325.00/hr | 32.50 |

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/10/2017 | MDR | Review Defendant's Rule 26(a) disclosures. | 0.40 $325.00/hr | 130.00 |
| | MDR | Draft email to Defendant's counsel regarding Plaintiff's Rule 26(a) disclosures. | 0.10 $325.00/hr | 32.50 |
| 2/13/2017 | KW | Review order granting Plaintiff's Motion for Leave to File Sur-Reply. | 0.10 $180.00/hr | 18.00 |
| 2/15/2017 | KW | E-file Sur-Reply to Defendant's Motion to Dismiss. | 0.20 $180.00/hr | 36.00 |
| 2/27/2017 | KW | Review court order | 0.10 $180.00/hr | 18.00 |
| 2/28/2017 | TAZ | Review and analyze Defendant's response to our Sur-Rely. | 0.80 $605.00/hr | 484.00 |
| 4/5/2017 | MDR | Review order denying Motion to Dismiss. | 0.80 $325.00/hr | 260.00 |
| | MDR | Telephone conference with opposing counsel regarding status of case. | 0.30 $325.00/hr | 97.50 |
| | TAZ | Conference with co-counsel regarding order denying motion to dismiss | 0.70 $605.00/hr | 423.50 |
| 4/6/2017 | TAZ | Court appearance for status | 1.00 $605.00/hr | 605.00 |
| | KW | Review court order | 0.10 $180.00/hr | 18.00 |
| 4/12/2017 | MK | Review pleadings and begin drafting Plaintiff's First Set of Requests to Admit to Defendant Heller and Frisone, Ltd. | 1.50 $325.00/hr | 487.50 |
| | MK | Review pleadings and begin drafting Plaintiff's First Set of Interrogatories to Defendant Heller and Frisone, Ltd. | 1.20 $325.00/hr | 390.00 |
| 4/13/2017 | MK | Begin drafting Plaintiff's First Set of Requests for Production of Documents to Defendant. | 2.10 $325.00/hr | 682.50 |
| | MK | Continue drafting Plaintiff's First Set of Requests for Admission to Defendant. | 2.40 $325.00/hr | 780.00 |
| | MK | Continue drafting Plaintiff's First Set of Interrogatories to Defendant. | 2.90 $325.00/hr | 942.50 |
| | TAZ | Revise interrogatories, document requests, and requests to admit facts to defendant. | 1.90 $605.00/hr | 1,149.50 |

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/14/2017 | TAZ | Revise interrogatories, document requests, and requests to admit facts to defendant. | 2.80 $605.00/hr | 1,694.00 |
| | MK | Continue drafting Plaintiff's First Set of Interrogatories to Defendant. | 0.50 $325.00/hr | 162.50 |
| | MK | Continue drafting Plaintiff's First Set of Requests for Admission to Defendant. | 0.80 $325.00/hr | 260.00 |
| | MK | Continue drafting Plaintiff's First Set of Requests for Production of Documents to Defendant. | 1.00 $325.00/hr | 325.00 |
| | MK | Draft and send email to opposing counsel attaching Plaintiff's written discovery requests. | 0.10 $325.00/hr | 32.50 |
| | TAZ | Conference with co-counsel regarding interrogatories, document requests, and requests to admit facts to defendant. | 0.60 $605.00/hr | 363.00 |
| 4/26/2017 | TAZ | Court appearance for status | 1.30 $605.00/hr | 786.50 |
| | KW | Review court order | 0.10 $180.00/hr | 18.00 |
| | TAZ | Draft and review emails to and from co-counsel regarding extension of time | 0.10 $605.00/hr | 60.50 |
| 5/17/2017 | TAZ | Review and analyze defendant's answer to the complaint and affirmative defenses | 1.10 $605.00/hr | 665.50 |
| | TAZ | Conference with co-counsel regarding defendant's answer to the complaint and affirmative defenses | 0.60 $605.00/hr | 363.00 |
| 5/26/2017 | KW | Review deposition notice for Plaintiff. | 0.10 $180.00/hr | 18.00 |
| 5/30/2017 | TAZ | Draft and review emails to and from defense counsel regarding verification | 0.10 $605.00/hr | 60.50 |
| 6/1/2017 | TAZ | Review and analyze defendant's answers to written discovery requests | 1.60 $605.00/hr | 968.00 |
| | TAZ | Conference with co-counsel regarding defendant's answers to written discovery requests | 0.80 $605.00/hr | 484.00 |
| | TAZ | Draft and review emails to and from defense counsel regarding defendant's financial statements | 0.10 $605.00/hr | 60.50 |
| 6/2/2017 | TAZ | Draft and review emails to and from defense counsel regarding defendant's financial statements | 0.10 $605.00/hr | 60.50 |

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/12/2017 | TAZ | Telephone conference with co-counsel regarding status of case. | 0.40 $605.00/hr | 242.00 |
| 6/13/2017 | TAZ | Review email from defense counsel regarding defendant's financial statements | 0.10 $605.00/hr | 60.50 |
| 6/15/2017 | TAZ | Review and revise motion for extension of time to incorporate additional changes. | 0.30 $605.00/hr | 181.50 |
| 6/16/2017 | KW | Review Court order granting motion for extension to challenge class representative. | 0.10 $180.00/hr | 18.00 |
| 6/26/2017 | MDR | Draft and review emails to and from opposing counsel regarding settlement. | 0.20 $325.00/hr | 65.00 |
| 6/27/2017 | MDR | Draft and review emails to and from opposing counsel regarding settlement. | 0.20 $325.00/hr | 65.00 |
|  | MDR | Telephone conference with opposing counsel regarding settlement. | 0.20 $325.00/hr | 65.00 |
| 6/28/2017 | MDR | Draft and review emails to and from opposing counsel regarding settlement. | 0.20 $325.00/hr | 65.00 |
| 6/29/2017 | MDR | Draft and review emails to and from opposing counsel regarding settlement. | 0.20 $325.00/hr | 65.00 |
| 6/30/2017 | TAZ | Draft email to defense counsel regarding settlement | 0.10 $605.00/hr | 60.50 |
| 7/6/2017 | MDR | Draft and review emails to and from co-counsel regarding offer of judgment. | 0.30 $325.00/hr | 97.50 |
|  | TAZ | Review email from opposing counsel with offer of judgment. Review offer of judgment. | 0.30 $605.00/hr | 181.50 |
|  | TAZ | Draft and review emails to and from co-counsel regarding offer of judgment | 0.40 $605.00/hr | 242.00 |
| 7/7/2017 | TAZ | Research law regarding offer of judgment. | 1.80 $605.00/hr | 1,089.00 |
| 7/10/2017 | TAZ | Conference with co-counsel regarding offer of judgment. | 0.40 $605.00/hr | 242.00 |
| 7/14/2017 | TAZ | Research attorneys' fees for offer of judgment and fee petition process. | 1.40 $605.00/hr | 847.00 |
|  | TAZ | Conference with co-counsel regarding attorneys' fees for offer of judgment and fee petition process. | 0.60 $605.00/hr | 363.00 |

Page    8

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/19/2017 | MDR | Draft Notice of Acceptance of Rule 68 Offer. Email to opposing counsel. | 0.70 $325.00/hr | 227.50 |
| | MDR | Draft and review emails to and from Client regarding Rule 68 offer. | 0.20 $325.00/hr | 65.00 |
| | TAZ | Conference with co-counsel regarding acceptance of Rule 68 offer | 0.40 $605.00/hr | 242.00 |
| 8/9/2017 | MDR | Draft and review emails to and from opposing counsel and co-counsel regarding fee petitions | 0.20 $325.00/hr | 65.00 |
| 8/15/2017 | KW | Review Order entering judgment for Plaintiff. | 0.10 $180.00/hr | 18.00 |
| | MDR | Review email from Defendant regarding order entering judgment for Plaintiff. | 0.10 $325.00/hr | 32.50 |
| 8/16/2017 | KW | Review revised order entering judgment for Plaintiff. | 0.10 $180.00/hr | 18.00 |
| 8/28/2017 | MDR | Draft and review emails to and from opposing counsel regarding fee petition. | 0.20 $325.00/hr | 65.00 |
| 8/29/2017 | MDR | Review emails to and from opposing counsel regarding fee petition. | 0.20 $325.00/hr | 65.00 |
| | | For professional services rendered | 101.70 | $50,352.00 |

Additional Charges :

| | | | |
|---|---|---|---|
| 10/25/2016 | Clerk of Circuit Court of Cook County (fee to file complaint) | | 598.00 |
| | Cook County Sheriff (fee to serve complaint) | | 60.00 |
| 2/9/2017 | Cook County Recorder (fee for client's mortgage documents) | | 20.00 |
| | Total amount of this bill | | $51,030.00 |
| | Balance due | | $51,030.00 |