## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STEVE MERRITT, individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 16-cv-11146 |
| vs. | ) ) | Judge Virginia M. Kendall |
| HELLER AND FRISONE, LTD., | ) ) | |
| Defendant. | ) | |

## DECLARATION OF RUSTY A. PAYTON IN SUPPORT OF
## PLAINTIFF'S PETITION FOR ATTORNEY'S FEES AND COSTS

I, Rusty A. Payton, declare as follows:

1.      I am a partner in the firm of PaytonDann (the "Firm").  I submit this declaration in support of *Plaintiff's Petition for Attorney's Fees and Costs* in connection with services rendered in the above-captioned litigation. I make this declaration based on personal knowledge. If called as a witness, I could and would testify competently as to the matters stated herein.

2.      I have significant experience in representing individuals in consumer litigation.  For over 20 years, I have practiced extensively in representing individuals in bankruptcy, debt collection, foreclosure defense, RESPA/TILA, prosecution of FDCPA and state law consumer claims.  I represent clients in state and federal trial and appellate in multiple states.

3.      I am admitted to practice law in Illinois, and other states on a case-by-case basis, and I am admitted to practice before multiple federal courts of appeal, and federal district courts. Based on my demonstrated experience and ability, I was appointed to the federal court trial bar. My first bar admission was to Illinois in 1989.  I am a 1989 graduate of the Ohio State College of Law.

**EXHIBIT B**

4.      I have not served as lead counsel, or class counsel, but have affiliated myself as co-counsel with attorneys, such as Tom Zimmerman, to prosecute such claims in several matters now pending or recently resolved.

5.      The hourly rates for the attorneys at the Firm are comparably less than rates charged by other attorneys with similar experience, skill, and reputation, for similar services in the Chicago legal market and comparable markets nationwide.  I am aware of the market rate for lawyers for consumer litigation, as I have participated in and reviewed numerous settlements and court awards, and discussed these rates with other attorneys practicing this type of litigation.

6.      My billing rate of $425 is substantially below what other senior partner-level consumer class action plaintiffs' attorneys charge similar cases.  For example Gene Stonebarger, a 2000 graduate of the University of San Diego School of Law, founded his own consumer class action law firm, Stonebarger Law, APC, in 2010.  In a recent declaration filed in another case, Mr. Stonebarger stated that his hourly rate of $650 per hour was approved in at least nine cases during 2012, and his mid-level associates' rate of $500 per hour was approved in five of those cases.  *See Amelia Foos v. Ann, Inc.*, Case No. 3:11-cv-2794-L-MDD (S.D. Cal. Jan. 7, 2013). Other attorneys are approved at similar rates. *See*, *e.g.*, *Crosby v. Regional Trans. Authority*, Case No. 07 C 6235 (N.D. Ill.), at DE 257, ¶ 12 (approving Lance Raphael at $615 per hour); *In re Sw. Airlines Voucher Litig.*, 11 C 8176, 2014 WL 2809016 (N.D. Ill. June 20, 2014) (approving Joseph J. Sipruit at $585 per hour);  *Reibstein v. Rite Aid Corp.*, 761 F.Supp.2d 241, 258, 261 (E.D. Pa. 2011) (The Court approved an hourly rate of $650 in a consumer case).

7.      The Firm billed my time at $425 per hour (denoted as RAP in the attached billing records).  As set forth herein, this rate is well within the parameters of the established market rate for lawyers with my experience (over 20 years) in the area of consumer litigation.

8.      Additionally, the Laffey Matrix is a table prepared by the United States Attorney's Office for the District of Columbia listing appropriate hourly rates for attorneys of varying experience levels to be used in awarding reasonable attorney's fees. The Adjusted Laffey Matrix calculates the appropriate rates for each year by using the legal services component of the Consumer Price Index ("CPI") (rather than the entire CPI) and applies it to the Laffey Matrix.  (*See http://www.laffeymatrix.com/see.html*).   The Adjusted Laffey Matrix has been utilized by numerous Courts in determining reasonable attorney's fees.  *Smith v. Dist. of Columbia*, 466 F.Supp.2d 151, 156 (D.D.C. 2006); *Salazar v. Dist. of Columbia*, 750 F.Supp.2d 70, 73 (D.D.C. 2011); *Ricks v. Barnes*, 2007 WL 956940, at *3 (D.D.C. Mar. 28, 2007).   Indeed, the Adjusted Laffey Matrix has been held to be "more accurate" than the Laffey Matrix.  *Smith*, 466 F.Supp.2d at 156.

9.      Although the Laffey Matrix is not dispositive, many Courts in Illinois use the Laffey Matrix as "satisfactory evidence of the prevailing rate" in determining the reasonableness of attorney's fees.  *See Hadnott v. City of Chicago*, No. 07 cv 6754, 2010 WL 1499473, at *6 (N.D. Ill. April 12, 2010) (collecting cases); *Berg v. Culhane*, 09 cv 5803, 2011 WL 589631, at *3 (N.D. Ill. Feb. 10, 2011).

10.     My rate is between $401-$439 per hour *less* than the reasonable rate for someone with my experience (*i.e.,* $826-$864 per hour), according to the Adjusted Laffey Matrix, based upon the time period when the legal work was done in this matter.

3

11.     The time incurred pertaining to this case is reflected in the books and records of the Firm, and the itemized invoice is attached as <u>Exhibit 1</u>.  These books and records are prepared contemporaneously with the performance of the services reflected therein and are an accurate record of the time incurred. I believe that the time reflected in the Firm's lodestar calculation as set forth herein are reasonable and were necessary for the effective and efficient prosecution and resolution of the litigation.

12.     The Firm accepted this litigation on a contingent fee basis, fronting costs and expenses, foregoing other work, and generally accepting the risk that they would ultimately be unsuccessful and receive no compensation for their work.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on August 29, 2017.


<u>*/s/ Rusty A. Payton.*</u>
Rusty A. Payton

4



**115 N LaSalle Suite 2600 Chicago Il 60603**

# INVOICE

To:  Steve Merritt                    Date:  08-25-2017
     1963 Capri Drive
     Aurora, Illinois 60503          Re: Heller Frisone
                                     Matter: 76251-01

| Date | Description of Services and Expenses | Atty | Time | Rate/hr. | Amount |
|------|--------------------------------------|------|------|----------|--------|
| 09/12/16 | Intake telephone interview with client re collection letter City of Chicago water bill. | RAP | .30 | $ 425.00 | $  127.50 |
| 09/12/16 | Review facsimile from client - collection letter; brief research regarding relationship between Heller Frisone and City of Chicago; conduct Pacer search for claims; search Cook County docket for cases. | RAP | 1.75 | $ 425.00 | $  743.75 |
| 09/15/16 | Research potential claims; research FDCPA application to debt collector acting on behalf of city; analysis of case law. | RAP | 2.75 | $ 425.00 | $1,168.75 |
| 09/16/16 | Confer with client about working with Zimmerman's office and issues related to being class plaintiff; review materials from client's closing file. | RAP | 1.25 | $ 425.00 | $  531.25 |
| 09/17/16 | Draft email to Zimmerman regarding potential FDCPA claims. | RAP | .30 | $ 425.00 | $  127.50 |
| 10/17/16 | Review and revise draft class action complaint; discuss draft complaint with client. | RAP | 1.20 | $ 425.00 | $  510.00 |
| 01/26/17 | Review motion to dismiss and discuss issues raised with client re client's use and occupancy of subject property. | RAP | 1.60 | $ 425.00 | $  680.00 |
| 04/07/17 | Status call with client. | RAP | .20 | $ 425.00 | $   85.00 |
| 05/17/17 | Review answer and affirmative defenses; call with client regarding status and defenses raised. | RAP | .80 | $ 425.00 | $  340.00 |

*Thank you for the opportunity to  offer our services.  Please note that invoices are payable on receipt.  Invoices remaining unpaid after 30 days shall be assessed a late fee of 1.5%.*

**EXHIBIT 1**



**115 N LaSalle Suite 2600 Chicago Il 60603**

| | | | | | |
|---|---|---|---|---|---|
| 06/01/17 | Work with client on discovery responses, gather information and convey to co-counsel; review and revise draft discovery. | RAP | 1.40 | $ 425.00 | $  595.00 |
| 07/11/17 | Telephone conference with client regarding defendant's offer of judgement; convey client's thoughts to co-counsel by telephone call and email. | RAP | .50 | $ 425.00 | $  212.50 |
| | Please make checks payable to "PaytonDann"<br>FEIN: 46-3247362 | | | | |
| | TOTAL | | 12.05 | $ 425.00 | $5,121.25 |

PaytonDann Attorneys                                      www.PaytonDann.com
115 South LaSalle, Suite 2600
Chicago, Illinois 60603                              e. payton@PaytonDann.com

*Thank you for the opportunity to  offer our services.  Please note that invoices are payable on receipt.  Invoices remaining unpaid after 30 days shall be assessed a late fee of 1.5%.*