IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STEVE MERRITT, individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 16-cv-11146 |
| vs. | ) ) | Judge Virginia M. Kendall |
| HELLER AND FRISONE, LTD., | ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR INSTRUCTIONS PURSUANT TO LOCAL RULE 54.3
AND TO COMPEL DEFENDANT TO COMPLY WITH LOCAL RULE 54.3(d)(5)**

On August 29, 2017, Plaintiff filed his Petition for an Award of Attorney's Fees and Costs (Plaintiff's Fee Petition") and Exhibits A and B thereto. (Dkt. ## 42, 42-1 and 42-2).[1] On August 30, 2017, the Court entered a Minute Entry and directed Plaintiff to "file his fee petition with the Court, not simply his motion." (Dkt. #43). Plaintiff sought clarification from the Court's Deputy Clerk regarding the Minute Entry, who referred Plaintiff to Local Rule 54.3.

"Local Rule 54.3 sets forth a process that, when done properly, aids the Court in the fair disposition of petitions for attorneys' fees." *Ratliff v. City of Chicago*, 2013 WL 3418070 *6 (N.D. Ill. 2013). The Court may "modify any time schedule provided for by this rule." L.R. 54.3(g). A motion may be filed seeking instructions from the Court where it appears that the procedures set forth in the rule cannot be followed within the time limits established by the rule or by order of Court because of the failure of one or more parties to provide information required by the rule. L.R. 54.3(g)(2). Plaintiff brings this motion because counsel for Defendant is refusing to provide the

---

[1] Exhibit A is the Declaration of Thomas A. Zimmerman, Jr. in Support of Plaintiff's Petition for Attorney's Fees and Costs, which included Exhibit 1 (Representative Class Action Cases), Exhibit 2 (The Adjusted Laffey Matrix), and Exhibit 3 (Itemized time and expenses of Zimmerman Law Offices). Exhibit B is the Declaration of Rusty A. Payton in Support of Plaintiff's Petition for Attorney's Fees and Costs, which included Exhibit 1 (Itemized time and expenses of the PaytonDann Firm. The PaytonDann Firm did not incur any costs in this case).

information required by L.R. 54.3(d)(5), which prevents Plaintiff's compliance with the Court's August 30, 2017 Minute Entry and the Local Rule.

On August 15, 2017, Judgment was entered in favor of Plaintiff in the amount of $1,001.00 and "reasonable attorney fees." (Dkt. #40). On August 16, 2017, the Court ordered the Parties to meet and confer on the fee award to be given and submit the agreed upon fees on or before August 29, 2017. (Dkt. #41, Corrected Minute Entry). If the Parties failed to agree upon the amount of fees to be awarded, then the Court directed Plaintiff to submit his fee petition and Defendant shall file objections on or before September 19, 2017. *Id.*

On August 26, 2017, in compliance with Local Rule 54.3(d)(1)-(d)(4), Plaintiff's counsel tendered to Defendant's counsel their itemized time and expenses sought, along with supporting Declarations of counsel. The Declarations of counsel set forth the hourly rates for lawyer and paralegal time, and evidence in support of those hourly rates. Exhibit 3 to Zimmerman's Declaration also itemized the expenses for which Plaintiff is seeking reimbursement. Defendant's counsel did not request any additional information from Plaintiff's counsel.[2]

On August 29, 2017, counsel for the Parties had their meet and confer regarding Plaintiff's fees to try and come to an agreement regarding a proper fee award. As explained in Plaintiff's Fee Petition, Defendant's counsel stated that they object to the time and expense entries on the grounds that: (1) the class-related time should be disallowed because this was an individual recovery, (2) there are duplicate billing entries because the same *description* of work performed appeared on different days, (3) one partner in each of the two law firms representing Plaintiff worked on the case, and only one partner *in total* is allowed to do work, (4) every attorney's hourly rates are too high, and (5) the amount of attorney's fees sought is disproportional to Plaintiff's recovery. (*See* Dkt. #42 at p.4).

---

[2] The Local Rule provides that during the Parties' attempt to agree on fees and related nontaxable expenses, certain information is to be provided to the other party "upon request." L.R. 54.3(d).

Following the meet and confer, Plaintiff's counsel removed from their invoices the itemized time entries relating to Plaintiff's Motion for Class Certification. Plaintiff addressed Defendant's remaining objections in Plaintiff's Fee Petition. (*See* Dkt. #42).

On August 30, 2016, Plaintiff's counsel emailed Defendant's counsel and asked for their firm's billing statements and all other documents, as required by Local Rule 54.3. *See* Exhibit 1 (8/30/17 email from Thomas A. Zimmerman, Jr. to David Schultz and Lindsey Conley) (citing LR54.3(d)(5), which provides that if no agreement is reached after movant's counsel furnishes respondent with requested information, then respondent must, within 21 days, disclose the total amount of attorney's fees paid by respondent and other information as to any matters (e.g., rates, hours, or related nontaxable expenses) that remain in dispute).

After receiving no response to that email, Plaintiff's counsel once again emailed defense counsel and set forth in detail the information that they are seeking pursuant to Local Rule 54.3, specifically:

- the total amount of attorney's fees paid by respondent/defendant (and all fees billed but unpaid at the time of the disclosure and all time as yet unbilled and expected to be billed thereafter);

- the time and work records of all counsel for defendant pertaining to the litigation, which records may be redacted to prevent disclosure of material protected by the attorney-client privilege or work product doctrine;

- evidence of the hourly rates for all billers paid by respondent/defendant during the litigation;

- evidence of the specific expenses incurred or billed in connection with the litigation, and the total amount of such expenses; and

- any evidence the respondent/defendant will use to oppose the requested hours, rates, or related nontaxable expense.

*See* Exhibit 2 (8/30/17 email from Sharon Harris to David Schultz and Lindsey Conley).

After still receiving no response, Plaintiff's counsel emailed Defendant's counsel notifying them that Plaintiff planned to file a supplemental fee petition as ordered by the Court and would note that, despite Plaintiff's requests, Defendant had not provided Plaintiff with the information required by Local Rule 54.3. *See* Exhibit 3 (9/2/17 email from Thomas A. Zimmerman, Jr. to David Schultz and Lindsey Conley). Plaintiff warned that Defendant's failure to provide the required information would be considered a waiver of Defendant's challenges to Plaintiff's requested fees. *Id.*

On September 2, 2017, counsel for Defendant finally responded. Defense counsel stated that they would not be following the Local Rule, asserted without explanation that Plaintiff had not followed the Local Rule, and stated that the Court did not order the Parties to follow the Local Rule. *See* Exhibit 4 (9/2/17 email from David Schultz to Thomas A. Zimmerman, Jr.). Because Defendant is refusing to follow Local Rule 54.3, Plaintiff files this motion for instructions and to compel Defendant to provide Plaintiff's counsel with the information required by Local Rule 54.3(d)(5).

In light of Defendant's refusal to provide Plaintiff with information pursuant to Local Rule 54.3(d)(5), the Parties are unable to attempt to agree on disputes related to the time spent, hourly rate, and expenses sought by Plaintiff's counsel, or with preparation of a Joint Statement as required by Local Rule 54.3(e). *See* Local Rule 54.3(f) ("The movant shall attach the Joint Statement to the fee motion. Unless otherwise allowed by the court, the motion and any supporting or opposing memoranda shall limit their argument and supporting evidentiary matter to disputed issues.").

Given Defendant's failure to comply with Local Rule 54.3(d)(5) and Defendant's counsel's statement that they were not following the Local Rule, Plaintiff asks the Court to enter an order requiring counsel for Defendant to provide Plaintiff's counsel with the following information within five (5) business days:

4

a. the total amount of attorney's fees paid by Defendant (and all fees billed but unpaid at the time of the disclosure and all time as yet unbilled and expected to be billed thereafter);

b. the time and work records of all counsel for Defendant pertaining to the litigation, which records may be redacted to prevent disclosure of material protected by the attorney-client privilege or work product doctrine;

c. evidence of the hourly rates for all billers paid by Defendant during the litigation;

d. evidence of the specific expenses incurred or billed in connection with the litigation, and the total amount of such expenses; and

e. any evidence the Defendant will use to oppose the requested hours, rates, or related nontaxable expense.

Alternatively, Plaintiff's counsel asks the Court to enter a Judgment on the requested attorney's fees and costs awarding Plaintiff the full amount sought in his Petition for Fees of $55,473.25 in compensable fees plus $678.00 in costs.

WHEREFORE, Plaintiff respectfully requests that the Court grant this Motion and order Defendant to provide Plaintiff's counsel with the information sought by Plaintiff and required by Local Rule 54.3(d) within five (5) business days. Alternatively, Plaintiff requests that the Court find that $55,473.25 in attorney's fees plus $678.00 in costs is fair and reasonable, and order Defendant to pay those amounts to the undersigned counsel for Plaintiff.

Plaintiff STEVE MERRITT,

By: /s/ Thomas A. Zimmerman, Jr.
Thomas A. Zimmerman, Jr.
*tom@attorneyzim.com*
Matthew C. De Re
*matt@attorneyzim.com*
Maebetty Kirby
*maebetty@attorneyzim.com*
ZIMMERMAN LAW OFFICES, P.C.
77 West Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone

5

(312) 440-4180 facsimile
www.attorneyzim.com

Rusty A. Payton
*payton@paytondann.com*
PAYTONDANN
115 S. LaSalle Street, Suite 2600
Chicago, Illinois 60603
(312) 702-1000

Counsel for the Plaintiff

Case: 1:16-cv-11146 Document #: 44 Filed: 09/08/17 Page 6 of 6 PageID #:329