IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVE MERRITT, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 1:16-cv-11146 |
| v. | )<br>) Judge: Virginia M. Kendall |
| HELLER AND FRISONE, LTD., | )<br>) Magistrate Judge: M. David Weisman |
| Defendant. | )<br>) |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR INSTRUCTIONS

Defendant, HELLER AND FRISONE, LTD. ("Defendant" or "Heller and Frisone"), by and through its attorneys David M. Schultz and Lindsey A.L. Conley of Hinshaw & Culbertson LLP, and for its Response to Plaintiff's Motion for Instructions pursuant to Local Rule 54.3(g) on Plaintiff's attorneys' fees and costs, and in support thereof, states as follows:

Plaintiff, Steve Merritt ("Plaintiff") filed this class action complaint against Heller and Frisone, Ltd. ("Heller and Frisone" or "Defendant") alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). On January 11, 2017, Heller and Frisone moved to dismiss Plaintiff's Complaint on the basis that Plaintiff's financial obligation was not a debt subject to the FDCPA because it was a commercial debt. Dkt. #13, 14. On April 5, 2017, this Court denied the motion to dismiss due to there being a question of fact as to whether Plaintiff's debt is a commercial or consumer debt. Dkt. #29.

After the Court ruled on the motion to dismiss, the parties participated in settlement discussions during which defense counsel again communicated and demonstrated that the case could not proceed on a class basis. The settlement discussions were unsuccessful and on July 6, 2017, Defendant served Plaintiff with a Rule 68 Offer of Judgment for $1,001 plus reasonable attorney's fees and costs. On July 19, 2017, Plaintiff filed a notice of acceptance of the Rule 68 Offer of

Judgment. Despite no response to previous requests, on August 26, 2017, Plaintiff's counsel forwarded a fee demand. On August 29, 2017, Plaintiff's counsel filed the fee petition.

After filing a fee petition and getting a fairly normal briefing schedule on it, Plaintiff's counsel wants to further complicate the matter. They now move for instructions pursuant to Local Rule 53 and to compel defense counsel to produce their attorney fee records. This is the first time they have raised the local rule. Plaintiff's counsel did not follow Local Rule 54.3 in an effort to resolve the fee demand but now asks this Court to order Defendant to follow the local rule. Defendant respectfully submits that the rigors of Local Rule 54.3 are not necessary in this extremely straightforward fee petition that involves an award of attorney fees and costs in an individual FDCPA case in which judgment was entered prior to protracted litigation. This Court should not order the parties to engage in the process as specified under Local Rule 54.3 at this stage.

Defense counsel has resolved many individual FDCPA cases by leaving to the district court the issue of fees and costs. In almost all instances, the district court has opted to forego the rigorous obligations of Local Rule 54.3 in lieu of either a hearing to discuss reasonable fees and costs, or in the alternative a short briefing on the issue. In fact, this is the exact procedure was invoked in the case of *Schlacher v. Law Offices of Phillip J. Rotche & Associates, P.C.*, 547 F.3d 852 (7th Cir. 2009). In *Schlacher*, the defendant offered judgment three months into the litigation in the amount of $6,500 to the plaintiffs, plus reasonable attorney fees and costs to be agreed upon or determined by the Court. *Id.* at 844. After the parties were unsuccessful in negotiating a settlement, the plaintiffs moved to compel defendant to produce its billing records and proceed pursuant to Local Rule 54.3(d)(5). *Id.* at 855.

The district court denied the motion, explaining that the case had settled too early for the defendant's billing to be relevant. *Id.* Instead, the district court directed the plaintiffs to file a petition for fees and gave the defendant the opportunity to file any objections. *Id.* After reviewing

2

the briefs and holding a hearing on the fee petition, the district court set the amount of fees and costs. *Id.* at 856. The Seventh Circuit endorsed this streamlined procedure, explaining instead that "when fees are less substantial, [it is appropriate] so long as the district court exercised its discretion in a manner that 'is not arbitrary and is likely to arrive at a fair fee.'" *Id.* at 858, quoting *Evans v. City of Evanston*, 941 F.2d 473, 476-77 (7th Cir. 1991). The Seventh Circuit further noted:

> The district court concluded that enforcing Local Rule 54.3 would needlessly "multiply time for everybody" because the defendant's attorney's fees were irrelevant in a case that had been resolved so quickly. This conclusion was neither irrational nor unreasonable and was therefore a proper exercise of discretion.

*Id.* at 859.

Plaintiff's counsel has already deviated from the process within Local Rule 54.3. It would be inefficient for the parties to start from the initial stages of negotiation as explained under the rule. Defense counsel is agreeable to provide Plaintiff's counsel with its total amount billed and attorney rates for this matter but objects to the enforcement of the local rule or production of anything else. Defendant requests that this Court allow the parties to brief the filed fee petition consistent with the order already in place.

WHEREFORE, Defendant, HELLER AND FRISONE, LTD., respectfully requests the Court give instructions on the petition for attorney fees and costs, and for any other relief this Court deems fair and just.

Respectfully submitted,

HELLER AND FRISONE, LTD., Defendant

*/s/Lindsey A.L. Conley*
Lindsey A.L. Conley

David M. Schultz
Lindsey A.L. Conley
Hinshaw & Culbertson LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601-1081
Telephone: 312-704-3000
Facsimile: 312-704-3001

3
300412785v1 0993141

E-mail: dschultz@hinshawlaw.com
E-mail: lconley@hinshawlaw.com

# CERTIFICATE OF SERVICE

I, Lindsey Conley, an attorney, certify that I shall cause to be served a copy of **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR INSTRUCTIONS** upon the following individual(s), by deposit in the U.S. mail box at 222 North LaSalle Street, Chicago, Illinois 60601, postage prepaid, messenger delivery, Federal Express, facsimile transmitted from (312) 704-3001, or electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, on September 8, 2017.

| | | |
|---|---|---|
| ☒ | CM/ECF | *Attorneys for Plaintiff(s)* |
| ☐ | Facsimile | Thomas A. Zimmerman |
| ☐ | Federal Express | ZIMMERMAN LAW OFFICES, P.C. |
| ☐ | E-Mail & U.S. Mail | 77 W. Washington Street, Suite 1220 |
| ☐ | Messenger | Chicago, IL 60602 |
| | | Phone: (312) 440-0020 |
| | | Fax: (312) 440-4180 |

Rusty Payton
PAYTONDANN
115 S. LaSalle Street, Suite 2600
Chicago, IL 60603
Phone (312) 702-1000

David M. Schultz  
Lindsey A.L. Conley  
HINSHAW & CULBERTSON LLP  
222 North LaSalle Street, Suite 300  
Chicago, IL 60601-1081  
Telephone: 312-704-3000  
Facsimile: 312-704-3001  
dschultz@hinshawlaw.com  
lconley@hinshawlaw.com  

*/s Lindsey Conley*  
Lindsey Conley  
One of the Attorneys for Defendant