# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVE MERRITT, individually and on behalf of all others similarly situated, ) ) ) Plaintiffs, ) ) v. ) ) HELLER AND FRISONE, LTD., ) ) Defendant. ) ) | Case No. 1:16-cv-11146 Judge: Virginia M. Kendall Magistrate Judge: M. David Weisman |

**DEFENDANT'S AMENDED RESPONSE TO PLAINTIFF'S FEE PETITION**

Defendant, HELLER AND FRISONE, LTD. ("Defendant" or "Heller and Frisone"), by and through its attorneys David M. Schultz and Lindsey A.L. Conley of Hinshaw & Culbertson LLP, and for its Response to Plaintiff's Fee Petition, and in support thereof, states as follows:

**INTRODUCTION**

Plaintiff, Steve Merritt ("Plaintiff") filed this class action complaint against Heller and Frisone, Ltd. ("Heller and Frisone" or "Defendant") alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). On January 11, 2017, Heller and Frisone moved to dismiss Plaintiff's Complaint on the basis that Plaintiff's financial obligation was not a debt subject to the FDCPA because it was a commercial debt. Dkt. #13, 14. On April 5, 2017, this Court denied the motion to dismiss due to there being a question of fact as to whether Plaintiff's debt is a commercial or consumer debt. Dkt. #29.

After the Court ruled on the motion to dismiss, the parties participated in settlement discussions during which defense counsel again communicated and demonstrated that the case could not proceed on a class basis. The settlement discussions were unsuccessful and on July 6, 2017, Defendant served Plaintiff with a Rule 68 Offer of Judgment for $1,001 plus reasonable

attorney's fees and costs. On July 19, 2017, Plaintiff filed a notice of acceptance of the Rule 68 Offer of Judgment.

On August 29, 2017, Plaintiff's counsel filed the fee petition seeking an award $55,473.25 in attorney's fees and $678 in costs. A review of Plaintiff's counsel's time records shows that the fee award requested is excessive. This Court should exercise its discretion and award Plaintiff's counsel only those fees that were reasonably incurred by making a substantial reduction to the fees requested.

## ARGUMENT

Plaintiffs who prevail under the FDCPA are entitled to an award of costs and reasonable attorney's fees. *Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 856. Fees are determined by the number of reasonable hours multiplied by a reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). The onus is on the plaintiff, as the party seeking the award, to provide adequate evidence of the hours worked and the rate claimed. *Id*. at 433.[1] Before applying this analysis, however, the Court should determine which fees to include in the lodestar calculation. Plaintiff's requested fee award is excessive and should be reduced.

The amount sought in the fee petition should be substantially reduced because (1) the requested rates are unreasonable; (2) the billing records indicate substantial inefficiency and duplication of efforts on a straightforward case; (3) excessive time was spent on tasks, and (4) administrative time is not compensable under the FDCPA. Plaintiff's counsel must exercise

---

[1] Various factors have been held relevant to the setting of appropriate attorney's fees, including: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley,* 461 U.S. at 430 n. 3

"billing judgment" and should exclude from his or her request "hours that are excessive, redundant or *otherwise unnecessary*." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999) (emphasis in original) (quoting *Hensley*, 461 U.S at 434). "In the event counsel does not exercise such judgment, the district court may reduce the number of hours accordingly." *Batt v. Micro Warehouse, Inc.*, 241 F.3d 891, 894 (7th Cir. 2001).

**1. The rates requested are unreasonable.**

Plaintiff's fee petition seeks a fee award based upon excessive attorney hourly rates of $605 (Attorney Thomas Zimmerman), $425 (Attorney Rusty Payton) and $325 (Attorney Matthew De Re and Attorney Maebetty Kirby). However, Plaintiff has failed to meet his burden to demonstrate that the hourly rates he requests for his attorneys are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Plaintiff submits declarations from his two lead attorneys, a description of the Zimmerman Law Offices, P.C. and its staff, a list of the firm's representative class action cases and a Laffey Matrix. *See* Dkt. #42-1, 42-2. These records provided to support the fee petition fail to show that the rates are reasonable for the services that his counsel provided because the records do not show that the rates were actually paid. The Seventh Circuit has held that the best evidence of whether an attorney's fees are reasonable is whether a party has paid them. *See Cintas Corp. v. Perry*, 517 F.3d 4459, 469-70 (7th Cir. 2008).

In addition, Plaintiff's counsel heavily relies upon the Laffey Matrix to justify their attorney fee rates. However, this source is rejected as unpersuasive by courts. The Seventh Circuit has observed mixed opinion within the legal community regarding reliance upon the Laffey Matrix. *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 649-51 (7th Cir. 2001). In addition, courts within this district have found that reliance on the Laffey Matrix was problematic and expressed skepticism about the value of such sources. *See Stockman v. Global*

*Credit & Coll. Corp.*, 2015 U.S. Dist. LEXIS 111113 *10 (N.D. Ill. Aug. 21, 2015) citing *Wells v. City of Chicago*, 925 F. Supp. 2d 1036, 1040 (N.D. Ill. 2013); *Jimenez v. City of Chicago*, No. 09 C 8081, 2012 U.S. Dist. LEXIS 162322, 2012 WL 5512266, at *5-6 (N.D. Ill. Nov. 14, 2012). Plaintiff has failed to show that his counsel has been paid or awarded the attorney rates requests in similar FDCPA matters. Therefore, Plaintiff failed to meet his burden that the rates requested are reasonable. This Court should reduce the hourly rates for Attorney Zimmerman to $350 and the hourly rates for Attorneys De Re and Kirby to $225 and $190, respectively.

Mr. Payton's rate need not even be considered because his work was superfluous, and Plaintiff did not need four attorneys on this simple FDCPA case. Mr. Payton's hourly rate is even less supported than those attorneys from Zimmerman Law Office, P.C. Plaintiff uses the comparison of what other attorneys (who are not counsel of record in this matter) have been awarded to Mr. Payton's requested $425 hourly rate as evidence that the rate is reasonable. This evidence is insufficient to show that $425 is a reasonable rate for Mr. Payton and should be disregarded. To the extent this Court deems Mr. Payton's work in the instant case necessary and reasonable, it should reduce Mr. Payton's hourly rate to $335 for this matter.

2. **Plaintiff's counsel has failed to prove the reasonableness of the work performed because the billing records indicate substantial inefficiency, duplication of effort, excessive time on tasks and administrative tasks.**

Although it is not necessary to analyze the fee petition line by line, even a cursory review of the fee petition reveals excessive and unnecessary time incurred at excessive rates. "Though efficiency can sometimes be increased through collaboration, overstaffing cases inefficiently is common, and district courts are therefore encouraged to scrutinize fee petitions for duplicative billing when multiple lawyers seek fees." *Schlacher,* 574 F.3d at 858 (reducing fees from $12475 to $6500 in an uncomplicated, low-stakes FDCPA case where one competent attorney would

4

have sufficed.). Plaintiff's counsel overstaffed the case and did not use reasonable billing judgment and for this alone, the fee award should be significantly reduced.

Plaintiff had two lead senior attorneys, Mr. Zimmerman and Mr. Payton, who attested to each having over twenty years in litigation experience. In addition to Mr. Zimmerman and Mr. Payton, there were two associates and one paralegal working on the instant matter. Plaintiff's counsel expended a total of 113.75 hours on the matter. As far as Defendant can ascertain, Plaintiff's counsel spent time on: (1) analyzing documents and communicating with each other regarding Plaintiff's claims; (2) legal research on FDCPA claims; (3) drafting and revising the complaint; (4) briefing the motion to dismiss; (5) drafting and revising discovery, and (6) settlement discussions. However, much of the time spent was duplicative, excessive and in some instances unnecessary or administrative.

Plaintiff's counsel spent an unreasonable amount of time performing duplicative efforts and a high degree of inefficiency resulting in excessive time expended on tasks. Both Mr. Zimmerman and Mr. Payton expended over 8 hours conducting legal research of Plaintiff's single § 1692e(11) claim based upon a single collection letter. (Exhibit A, p. 2). Plaintiff's counsel also spent a combined total of over 11 hours drafting and revising Plaintiff's complaint. (Exhibit A, p. 2). There are multiple tasks regarding reviewing/analyzing documents and settlement in which the time entries are vague in description that one cannot ascertain whether the time is duplicative or not. (Exhibit A, p. 2). Mr. Zimmerman and Mr. De Re both provide time entries for "draft response to Motion to Dismiss" without any details to make the distinction that these entries weren't duplicative in nature. (Exhibit A, p. 2). Mr. Zimmerman and Ms. Kirby spent over 17 hours drafting and revising one set of discovery requests to Defendant. (Ex. A, p. 3). It is also important to note that Mr. Payton spent 1.4 hours "work[ing] with client on

discovery responses, gather[ing] information and convey to co-counsel; review and revise draft discovery." (Ex. A, p. 3). The records show that reasonable billing judgment was not used resulting in excessive time expended. The most senior attorneys and highest billing attorneys on the file were completing tasks which either of the two associates on the file could have reasonably completed.

The paralegal (noted as KW on the Zimmerman time records) only performed administrative tasks and therefore should be disregarded. (Exhibit A, p. 1). Tasks which are administrative in nature are not compensable under the statute. *See, e.g., Kaylor-Trent v. John C. Bonewicz, P.C.*, 916 F. Supp. 2d 878, 886 (S.D. Ill. 2013) (finding tasks such as mailing documents, updating calendar deadlines, and calling process servers administrative and not compensable); *Pace v. Pottawattomie Country Club, Inc.*, 2009 WL 4843404, at *13 (N.D. Ind. 2009) (finding tasks such as drafting cover sheets and filing documents with the court clerical and not allowable).

Plaintiff's request for an award of $55,473.25 in attorney's fees is entirely unreasonable for a case that ended this early in litigation.[2] Plaintiff was not successful on the merits in this case but the litigation was only ended with Plaintiff's acceptance of an offer of judgment. The reasonable work in this case should have been at most the investigation of plaintiff's claims, the drafting of a fairly straightforward complaint, briefing a motion to dismiss with a limited issue, reasonable initial discovery and reasonable settlement discussions. Because of Plaintiff's counsel's conduct in pursuing a case which could not proceed on a class basis, it was not.

---

[2] Defense counsel has billed a total of $14,434 for the same time period for which Plaintiff seeks a fee award. The parties did meet and confer as required by Local Rule 54.3. However, Plaintiff's counsel did not request defense counsel's billing records during this time but did so after Plaintiff filed the instant fee petition. Defense counsel did offer to provide its time expended and rates but Plaintiff's counsel deemed this insufficient. The Court has not ordered defense counsel to produce its billing records.

## **CONCLUSION**

Defendant and its counsel are mindful of the resources this Court expends on issues like this, and is similarly mindful that the issue of fees and costs should not overshadow the litigation itself. Under the circumstances, however, Defendant regretfully was left with no choice but to have this issue decided by the Court. A reasonable outcome will hopefully avoid future similar disputes.

WHEREFORE, Defendant, HELLER AND FRISONE, LTD., respectfully requests the Court award $13,318 (20 hours at $350/hr., 20 hours at $225/hr, 6 hours at $190/hr and $678 in costs) or less in pre-petition attorney's fees and costs and for any other relief this Court deems fair and just.

        Respectfully submitted,

        HELLER AND FRISONE, LTD., Defendant

        */s/Lindsey A.L. Conley*
        Lindsey A.L. Conley

David M. Schultz
Lindsey A.L. Conley
Hinshaw & Culbertson LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601-1081
Telephone: 312-704-3000
Facsimile: 312-704-3001
E-mail: dschultz@hinshawlaw.com
E-mail: lconley@hinshawlaw.com

7

## **CERTIFICATE OF SERVICE**

      I, Lindsey Conley, an attorney, certify that I shall cause to be served a copy of **DEFENDANT'S AMENDED RESPONSE TO PLAINTIFF'S FEE PETITION** upon the following individual(s), by deposit in the U.S. mail box at 222 North LaSalle Street, Chicago, Illinois 60601, postage prepaid, messenger delivery, Federal Express, facsimile transmitted from (312) 704-3001, or electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, on October 4, 2017.

| | | |
|---|---|---|
| ☒ | CM/ECF | |
| ☐ | Facsimile | |
| ☐ | Federal Express | |
| ☐ | E-Mail & U.S. Mail | |
| ☐ | Messenger | |

*Attorneys for Plaintiff(s)*
Thomas A. Zimmerman
ZIMMERMAN LAW OFFICES, P.C.
77 W. Washington Street, Suite 1220
Chicago, IL 60602
Phone: (312) 440-0020
Fax: (312) 440-4180

Rusty Payton
PAYTONDANN
115 S. LaSalle Street, Suite 2600
Chicago, IL 60603
Phone (312) 702-1000

David M. Schultz
Lindsey A.L. Conley
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601-1081
Telephone: 312-704-3000
Facsimile: 312-704-3001
dschultz@hinshawlaw.com
lconley@hinshawlaw.com

*/s Lindsey A.L. Conley*
Lindsey A.L. Conley
One of the Attorneys for Defendant

# EXHIBIT A

**ADMINISTRATIVE TIME ENTRIES**

| DATE | ATTY | DESCRIPTION | HOURS | RATE | TOTAL |
|---|---|---|---|---|---|
| | | **ZIMMERMAN LAW OFFICES, P.C.** | | | |
| 10/25/2016 | KW | Draft civil cover sheet | 0.3 | $180 | $54.00 |
| 10/25/2016 | KW | Draft summons to defendant | 0.3 | $180 | $54.00 |
| 10/25/2016 | KW | File Complaint a court and place it for service on defendant | 0.5 | $180 | $90.00 |
| 12/15/2016 | KW | Review order granting motion for extension of time | 0.1 | $325 | $32.50 |
| 1/9/2017 | KW | Review court order | 0.1 | $180 | $18.00 |
| 1/12/2017 | KW | Review court order | 0.1 | $180 | $18.00 |
| 1/17/2017 | KW | Review Court's standing order regarding joint initial status reports | 0.7 | $605 | $423.50 |
| 1/23/2017 | KW | E-file joint status report with Court | 0.2 | $180 | $36.00 |
| 1/26/2017 | KW | Electronically file Response to Motion to Dismiss | 0.1 | $180 | $18.00 |
| 1/27/2017 | KW | Review court order | 0.1 | $180 | $18.00 |
| 2/10/2017 | KW | Draft Notice of Motion for Leave to File Sur-Reply in Opposition to Defendant's Motion to Dismiss. File all documents. | 0.2 | $180 | $36.00 |
| 2/13/2017 | KW | Review order granting Plaintiff's Motion for Leave to File Sur-Reply | 0.1 | $180 | $18.00 |
| 2/15/2017 | KW | Review court order | 0.1 | $180 | $18.00 |
| 4/6/2017 | KW | Review court order | 0.1 | $180 | $18.00 |
| 4/26/2017 | KW | Review court order | 0.1 | $180 | $18.00 |
| 5/26/2017 | KW | Review deposition notice for Plaintiff | 0.1 | $180 | $18.00 |
| 6/16/2017 | KW | Review Court order granting motion for extension to challenge class representative | 0.1 | $180 | $18.00 |
| 8/15/2017 | KW | Review Order entering judgment for Plaintiff | 0.1 | $180 | $18.00 |
| 8/28/2017 | KW | Review revised oder entering judgment for Plaintiff | 0.1 | $180 | $18.00 |
| | | **TOTAL** | **3.5** | | |

\*     KW = Paralegal

**DUPLICATIVE/INEFFICIENCY ENTRIES**

| DATE | ATTY | DESCRIPTION | HRS | RATE | TOTAL |
|---|---|---|---|---|---|
| | | **ZIMMERMAN LAW OFFICES, P.C.** | | | |
| 9/17/2016 | TAZ | Review and analyze documents from co-counsel regarding potential case | 0.8 | $605 | $484.00 |
| 9/17/2016 | TAZ | Draft and review emails to and from co-counsel regarding potential case | 0.4 | $605 | $242.00 |
| 9/21/2016 | TAZ | Draft and review emails to and from co-counsel regarding potential case | 0.3 | $605 | $181.50 |
| 9/23/2016 | TAZ | Draft and review emails to and from co-counsel regarding potential case | 0.3 | $605 | $181.50 |
| 9/23/2016 | TAZ | Review and analyze documents from co-counsel regarding potential case | 0.3 | $605 | $181.50 |
| 10/3/2016 | TAZ | Review and analyze documents regarding potential case | 1.4 | $605 | $847.00 |
| 10/11/2016 | TAZ | Draft Class Action Complaint | 5.7 | $605 | $3,448.50 |
| | | | | | $0.00 |
| | | **PAYTONDANN ATTORNEYS** | | | $0.00 |
| 9/15/2016 | RAP | Research potential claims; research FDCPA application to debt collector acting on behalf of city; analysis of case law | 2.75 | $425 | $1,168.75 |
| 10/17/2016 | RAP | Review and revise draft class action complaint | 1.2 | $425 | $510.00 |
| | | | | | $0.00 |
| | | **ZIMMERMAN LAW OFFICES, P.C.** | | | $0.00 |
| 10/5/2016 | TAZ | Legal research relative to potential claims | 2.9 | $605 | $1,754.50 |
| 10/17/2016 | TAZ | Revise Class Action Complaint | 1.9 | $605 | $1,149.50 |
| 10/25/2016 | MDR | Review and revise Complaint | 2.8 | $325 | $910.00 |
| 10/25/2016 | TAZ | Legal research relative to contractual nature of water service | 3.6 | $605 | $2,178.00 |
| 1/12/2017 | TAZ | Legal research regarding personal, family, or household use relative to consumer debts | 1.9 | $605 | $1,149.50 |
| 1/13/2017 | TAZ | Legal research regarding personal, family, or household use relative to consumer debts | 0.7 | $605 | $423.50 |
| 1/19/2017 | TAZ | Draft response to motion to dismiss | 1.9 | $605 | $1,149.50 |
| 1/24/2017 | MDR | Draft response to Motion to Dismiss | 2.3 | $325 | $747.50 |
| 1/25/2017 | TAZ | Draft response to Motion to Dismiss | 4.6 | $605 | $2,783.00 |
| 6/1/2017 | TAZ | Draft and review emails to and from defense counsel regarding defendant's financial statements | 0.1 | $605 | $60.50 |
| 6/2/2017 | TAZ | Draft and review emails to and from defense counsel regarding defendant's financial statements | 0.1 | $605 | $60.50 |
| 6/28/2017 | MDR | Draft and review emails to and from opposing counsel regarding settlement | 0.2 | $325 | $65.00 |
| 6/29/2017 | MDR | Draft and review emails to and from opposing counsel regarding settlement | 0.2 | $325 | $65.00 |
| 6/30/2017 | TAZ | Draft email to defense counsel regarding settlement | 0.1 | $605 | $60.50 |
| | | **TOTAL** | 36.45 | | |

\*     MDR = Matthew De Re
       TAZ = Thomas Zimmerman
       RAP = Rusty Payton

**EXCESSIVE TIME ENTRIES**

| DATE | ATTY | DESCRIPTION | HOURS | RATE | TOTAL |
|---|---|---|---|---|---|
| | | **ZIMMERMAN LAW OFFICES, P.C.** | | | |
| 4/12/2017 | MK | Review pleadings and begin drafting Plaintiff's First Set of Requests to Admit to Defendant Heller and Frison, Ltd. | 1.5 | $325 | $487.50 |
| 4/12/2017 | MK | Review pleadings and begin drafting Plaintiff's First Set of Interrogatories to Defendant Heller and Frison, Ltd. | 1.2 | $325 | $390.00 |
| 4/13/2017 | MK | Begin drafting Plaintiff's First Set of Requests for Production of Documents to Defendant | 2.1 | $325 | $682.50 |
| 4/13/2017 | MK | Continue drafting Plaintiff's First Set of Requests for Admission to Defendant | 2.4 | $325 | $780.00 |
| 4/13/2017 | MK | Continue drafting Plaintiff's First Set of Interrogatories to Defendant | 2.9 | $325 | $942.50 |
| 4/13/2017 | TAZ | Revise interrogatories, document requests, and requests to admit facts to defendant | 1.9 | $605 | $1,149.50 |
| 4/14/2017 | TAZ | Revise interrogatories, document requests, and requests to admit facts to defendant | 2.8 | $605 | $1,694.00 |
| 4/14/2017 | MK | Continue drafting Plaintiff's First Set of Interrogatories to Defendant | 0.5 | $325 | $162.50 |
| 4/14/2017 | MK | Continue drafting Plaintiff's First Set of Requests for Admission to Defendant | 0.8 | $325 | $260.00 |
| 4/14/2017 | MK | Continue drafting Plaintiff's First Set of Requests for Production of Documents to Defendant | 1 | $325 | $325.00 |
| | | | | | $0.00 |
| | | **PAYTONDANN ATTORNEYS** | | | $0.00 |
| 6/1/2017 | RAP | Work with client on discovery responses, gather information to convey to co-counsel; review and revise draft discovery | 1.4 | $425 | $595.00 |
| | | | | | $0.00 |
| | | **ZIMMERMAN LAW OFFICES, P.C.** | | | $0.00 |
| 7/7/2017 | TAZ | Research law regarding offer of judgment | 1.8 | $605 | $1,089.00 |
| 7/14/2017 | TAZ | Research attorneys' fees for offer of judgment and fee petition process | 1.4 | $605 | $847.00 |
| 7/19/2017 | MDR | Draft Notice of Acceptance of Rule 68 Offer. Email to opposing counsel. | 0.7 | $325 | $227.50 |
| | | **TOTAL** | 22.4 | | |

\*
MK = Maebetty Kirby
RAP = Rusty Payton
TAZ = Thomas Zimmerman
MDR = Matthew De Re