# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STEVE MERRITT, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| HELLER AND FRISONE, LTD., | ) ) |
| Defendant. | ) |

No. 16 C 11146

Magistrate Judge M. David Weisman

## REPORT AND RECOMMENDATION

Plaintiff filed this class action suit against defendant alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). Ultimately, plaintiff determined that class-wide relief was not available and accepted defendant's individual offer of judgment for $1,001.00 plus reasonable attorney's fees and costs (s*ee* ECF 39), the highest individual recovery allowed by statute. *See* 15 U.S.C. § 1692k(a)(3). Judge Kendall has referred plaintiff's motion for attorney's fees to this Court for a report and recommendation. For the reasons set forth below, the Court recommends that plaintiff's motion be granted in part.

## Discussion

A debt collector who violates the FDCPA is liable for, among other things, "the costs of the [enforcement] action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). "Although there is no precise formula for determining a reasonable fee, the district court generally begins by calculating the lodestar—the attorney's reasonable hourly rate multiplied by the number of hours reasonably expended." *Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 856 (7th Cir. 2009) (citing *Hensley v.*

*Eckerhart*, 461 U.S. 424, 433-37 (1983); *Gautreaux v. Chi. Hous. Auth.*, 491 F.3d 649, 659 (7th Cir. 2007)). "[T]he reasonable hourly rate is to be derived from the market rate for the services rendered." *Denius v. Dunlap*, 330 F.3d 919, 930 (7th Cir. 2003) (quotation omitted). "[A]n attorney's actual billing rate for similar litigation is [presumptively] appropriate to use as the market rate." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011). The party seeking fees has the burden of "'produc[ing] satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

Plaintiff's counsel "accepted this litigation on a contingent fee basis" (*see* Pl.'s Pet. Fee Award, Ex. A, Zimmerman Decl., ECF 42-1 ¶ 20; *id.*, Ex. B, Payton Decl., ECF 42-2 ¶ 12), but they contend that their billing rates, *i.e.*, $605 for Mr. Zimmerman, $425 for Mr. Payton, $325 for Mr. De Re and Ms. Kirby, and $180 per hour for paralegal "KW," are reasonable hourly rates for purposes of this fee award. Though they cite a number of non-FDCPA cases[1] and cases from other jurisdictions,[2] counsel do not identify FDCPA cases litigated in Chicago in which they have been paid or awarded the rates they seek, or offer evidence that other lawyers have been paid or awarded such rates for FDCPA cases litigated here. *Pickett*, 664 F.3d 632, 640 (7th Cir. 2011) ("Recognizing the difficulty of determining the hourly rate of an attorney who uses contingent fee agreements, we have advised district courts to rely on the 'next best evidence' of an attorney's market rate, namely 'evidence of rates similarly experienced attorneys in the community charge paying clients for similar work and evidence of fee awards the attorney has

---

[1] Contrary to counsel's assertion, the court in *Ocasio v. First Financial Investment Fund*, No. 16 C 10167 (N.D. Ill.), an FDCPA case, did not approve the rates they seek. Rather, the court approved a lump sum fee award of $35,000. *See id.*, ECF 85.
[2] Counsel also cite to, but do not submit, several Illinois state court decisions.

2

received in similar cases.'") (quoting *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 555 (7th Cir. 1999)). Thus, the cases counsel cite do not support the rates they request.

Alternatively, counsel urge the Court to rely on the Laffey Matrix, "a chart of hourly rates for attorneys and paralegals in the Washington, D.C. area that was prepared by the United States Attorney's Office for the District of Columbia to be used in fee-shifting cases." *Pickett*, 664 F.3d at 649; *see* http://www.laffeymatrix.com/see.html (last visited Oct. 30, 2017). However, the Seventh Circuit has expressed skepticism about the Matrix, and its reception in the lower courts has been mixed:

> No circuit outside the D.C. Circuit has formally adopted the Laffey Matrix, and few have even commented on it. While some circuits have applied the Laffey Matrix . . . , other circuits have expressed concerns about the Matrix's utility outside its circuit of origin . . . .
>
> District courts in this Circuit have occasionally considered the Laffey Matrix when considering the reasonableness of hourly rates for fee awards. *See Hadnott v. City of Chicago*, No. 07 C 6754, 2010 WL 1499473, at *6 (N.D. Ill. Apr. 12, 2010) (noting that "numerous judges in this district" have considered the Laffey Matrix as one factor). The district courts that have considered the Laffey Matrix have viewed it with differing levels of praise and skepticism. *Compare Perry v. City of Gary, Ind.*, No. 2:08-CV-280 JVB, 2011 WL 3444007, at *3 (N.D. Ind. Aug. 8, 2011) (finding the Matrix to be "unpersuasive"), and *Thompson v. City of Chicago*, No. 07 C 1130, 2011 WL 2923694, at *4 (N.D. Ill. July 18, 2011) ("afford[ing] little weight" to the Matrix), *with Berg v. Culhane*, No. 9 C 5803, 2011 WL 589631, at *3 (N.D. Ill. Feb. 10, 2011) (finding the Matrix to constitute "satisfactory evidence"). A recent decision highlighted these divergent opinions and then rejected the assertion that the Laffey Matrix is a "well-established neutral source" that has been widely accepted by federal courts. *Soleau v. Ill. Dep't of Transp.*, No. 09 C 3582, 2011 WL 2415008, at *4 (N.D. Ill. June 11, 2011). . . .

*Pickett*, 664 F.3d at 649-50. This Court agrees with the court in *Wells v. City of Chicago*, 925 F. Supp. 2d 1036, 1040 (N.D. Ill. 2013), that "[g]iven the[] concerns [about the Laffey Matrix expressed by the *Pickett court*] and the Seventh Circuit's expressed preference for other, more

direct measures of reasonable hourly rates," it is inappropriate to rely on the Laffey Matrix as evidence of hourly rates.

Having no evidence from plaintiff on which to base a determination of reasonable hourly rates, the Court must make its own determination. *See Pickett*, 664 F.3d at 640 ("If a fee applicant does not satisfy its burden, the district court has the authority to make its own determination of a reasonable rate."). To do so, the Court turns to the most recent United States Consumer Law Attorney Fee Report, a source on which a number of district courts in this circuit have relied in analyzing the reasonableness of fee requests. *See* https://www.nclc.org/images/pdf/litigation/tools/atty-fee-survey-2015-2016.pdf (last visited Oct. 30, 2017); *see also Moore v. Midland Credit Mgmt., Inc.*, No. 3:12-CV-166-TLS, 2012 WL 6217597, at *4 (N.D. Ind. Dec. 12, 2012) (collecting cases). According to the report: (1) the average hourly rate for attorneys in Chicago who have twenty-one to twenty-five years of consumer law experience, like Mr. Zimmerman and Mr. Payton, is $515; (2) the average hourly rate for such attorneys with one to three years of consumer law experience, like Mr. De Re and Ms. Kirby, is $300; and (3) and the average hourly rate for paralegals is $113. *See* https://www.nclc.org/images/pdf/litigation/tools/atty-fee-survey-2015-2016.pdf at 223-24 (last visited Oct. 30, 2017); (Pl.'s Pet. Fee Award, Ex. A, Zimmerman Decl., ECF 42-1 ¶¶ 2, 14, 15 (stating that Mr. Zimmerman has practiced for "over 20 years," Mr. De Re has "approximately three (3) years of experience," and Ms. Kirby has "approximately two (2) years of experience"); *id.*, Ex. B, Payton Decl., ECF 42-2 ¶ 2 (stating that Mr. Payton has "over 20 years" of consumer law experience).) Accordingly, the Court finds that Mr. Zimmerman's reasonable hourly rate is

$515, Mr. Payton's reasonable hourly rate is his billing rate of $425, Mr. De Re and Ms. Kirby's reasonable hourly rate is $300, and KW's reasonably hourly rate is $113. *Id.*[3]

Having determined the reasonable hourly rates, the Court must now determine whether the number of hours counsel spent on the case was reasonable. The Court agrees with defendant that some of the time billed by plaintiff's counsel was duplicative, excessive or too vaguely described to enable the Court to assess its reasonableness. Mr. Zimmerman, for example, has three separate billing entries that state, "[r]eview and analyze documents . . . regarding potential case," three separate entries that state, "[d]raft and review emails to and from co-counsel regarding potential case," and three separate entries for drafting and reviewing emails to/from defense counsel regarding defendant's financial statements. (Pl.'s Pet. Fee Award, Ex. A, Zimmerman Decl., Ex. 3, ECF 42-1 at 1, 6-7.) Similarly, Mr. De Re has four identical entries for drafting and reviewing emails to/from opposing counsel regarding settlement and three identical entries for drafting and reviewing emails to/from opposing counsel regarding fee petition. (*Id.* at 7-8.) Because it is impossible to tell from these descriptions whether the subsequent entries represent work that is distinct from or duplicative of that set forth in the first, only the first entries should be recoverable. *Harper v. City of Chi. Heights*, 223 F.3d 593, 605 (7th Cir. 2000) ("[W]hen a fee petition is vague or inadequately documented, a district court may . . . strike the problematic entries . . . ."). Moreover, counsel collectively spent 13.75 hours researching and 11.6 hours drafting a one-count complaint, 18.4 hours of work in connection with a response to a straightforward motion to dismiss, and 19.2 hours drafting discovery requests (*id.* at 1-3; *id.*, Ex. B, Payton Decl., Ex. 1, ECF 42-2 at 1), tasks that should have taken half that time. Finally, plaintiff seeks to recover for work performed by KW but, in the main, that work was unnecessary

---

[3] Defendant contends that the reasonable hourly rates are $350 for Mr. Zimmerman, $225 for Mr. De Re, $190 for Ms. Kirby, and $335 for Mr. Payton, but offers no evidence in support of that contention. (*See* Def.'s Am. Resp. Fee Pet., ECF 52 at 5.)

(reviewing court orders) or was clerical (drafting the civil cover sheet and filing documents with the court), and thus not recoverable. *See Pace v. Pottawattomie Country Club Inc.*, No. 3:07-CV-347 RM, 2009 WL 4843403, at *13 (N.D. Ind. Dec. 11, 2009) (characterizing as clerical, and therefore not compensable, tasks such as "sending pleadings to client; review of appearances, summons, waiver of service and other similar documents; payment to EEOC; drafting cover sheets; and filing documents with the court."). Accordingly, plaintiff can only recover for .8 hours KW spent drafting the summons and appearances.

After making the appropriate deductions, the Court finds that reasonable attorney's fees and costs total $33,652.90 ($32,974.90 in fees [$22,222.25 (43.15 hours x $515) for Mr. Zimmerman + $4,710 (15.7 hours x $300) for Mr. De Re + $2,310 (7.7 hours x $300) for Ms. Kirby + $3,642.25 (8.57 hours x $425) for Mr. Payton + $90.40 (.8 x $113) for KW] + $678 in costs).

## Conclusion

For the reasons set forth above, the Court recommends that Judge Kendall grant in part plaintiff's fee petition [42] and award plaintiff a total of $33,652.90 in reasonable attorney's fees and costs.

**SO ORDERED.**     **ENTERED:  October 31, 2017**

*[signature: M. David Weisman]*

**M. David Weisman**
**United States Magistrate Judge**