**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| STEVE MERRITT, individually, and on behalf of all others similarly situated, ) ) ) | | |
| Plaintiff, ) ) | No. 16-cv-11146 | |
| vs. ) ) | Judge Virginia M. Kendall | |
| HELLER AND FRISONE, LTD., ) ) | Magistrate Judge M. David Weisman | |
| Defendant. ) | | |

**PLAINTIFF'S STATEMENT IN SUPPORT OF THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

NOW COMES Plaintiff STEVE MERRITT ("Plaintiff"), by and through counsel, and for his *Statement in Support of the Magistrate Judge's Report and Recommendation*, states as follows:

**I.      PROCEDURAL BACKGROUND.**

On October 25, 2016, Plaintiff filed his Class Action Complaint ("Complaint") against Defendant HELLER AND FRISONE, LTD. ("Defendant") alleging violations of the Fair Debt Collection Practices Act ("FDCPA")—codified as 15 U.S.C. § 1692, *et seq.*—in the Circuit Court of Cook County, Illinois. (Dkt. # 1, Ex. A). On December 7, 2016, Defendant removed this action to the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. §1441(a) and 1446 (Dkt. # 1).

On July 6, 2017, Defendant made Plaintiff an offer of judgment ("Offer"), pursuant to Fed. R. Civ. P. 68. (Dkt. # 39, p. 3). The terms of the Offer stated that judgment would be entered against Defendant, and in favor of Plaintiff, in the amount of $1,001.00, plus reasonable attorneys' fees and costs as agreed to by the parties, or as determined by the Court if no agreement could be reached. (Dkt. # 39, p. 3).

On July 19, 2017, Plaintiff filed his Notice of Accepted Rule 68 Offer of Judgment wherein Plaintiff accepted Defendant's offer of judgment, made pursuant to Fed. R. Civ. P. 68. (Dkt. # 39). Accordingly, the Court entered judgment in favor of Plaintiff on August 15, 2017. (Dkt. # 40).

After the Court entered judgment in favor of Plaintiff, the parties were unable to agree upon an amount of attorneys' fees and costs to be awarded to Plaintiff. As such, the parties submitted briefing to Magistrate Judge M. David Weisman for a determination of the amount of attorneys' fees and costs to be awarded to Plaintiff.

On October 31, 2017, Magistrate Judge Weisman issued his Report and Recommendation, recommending that the Court award Plaintiff a total of $33,652.90 in reasonable attorneys' fees and costs ("Fee Award"). (Dkt. # 54). On November 1, 2017, the Court ordered that any objections to the Fee Award be filed on or before November 15, 2017, pursuant to Fed. R. Civ. P. 72.

## II. RELEVANT LAW.

"If no party objects to" a the magistrate judge's report and recommendation, "the district judge may simply accept it." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 760 (7th Cir. 2009). However, because "the district judge remains the final authority in the case," she "may reconsider *sua sponte* any matter determined by a magistrate judge," and "is not *precluded* from reviewing a magistrate judge's order to which a party did not object." *Id.* (internal citations omitted) (emphasis in original). "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Moreover, a party's failure "to object to a magistrate judge's report and recommendation in the district court" generally constitutes a waiver of "appellate review of both factual and legal questions" pertaining to such a report and recommendation. *Id.* (citing *Video Views v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986)). However, that rule is not absolute, and "under certain circumstances the failure to file objections may be excused," such as if there is "sufficient cause for failing to object." *Video Views*, 797 F.2d at 540.

### III. THE FEE AWARD.

On November 9, 2017, Defendant's counsel informed Plaintiff's counsel that Defendant does not intend to object to the Fee Award. Plaintiff's counsel informed Defendant's counsel that Plaintiff also does not intend to object to the Fee Award. Indeed, Plaintiff supports the Fee Award as recommended by the Magistrate Judge, and does not formally object to the Fee Award at this time.

However, given the Court's ability to independently evaluate and modify the Fee Award in the absence of objections, and to preserve Plaintiff's ability to appeal any such modification, Plaintiff's counsel sent Defendant's counsel a draft stipulation ("Stipulation") wherein the parties stipulate to the amount of the Fee Award. Plaintiff believed that the Stipulation was warranted because it could be used to demonstrate "sufficient cause for failing to object" to the fee award in the event that it was modified by the Court. *Video Views*, 797 F.2d at 540.

Despite this justification, Defendant's counsel refused to agree to the proposed Stipulation. As such, Plaintiff is unsure if Defendant will ultimately file objections to the Fee Award, contrary to its earlier representations.

Although Plaintiff does not formally object to the Fee Award at this time, Plaintiff seeks to preserve his rights of appeal in the event that Defendant unexpectedly objects to the Fee

Award, or the Court modifies the Fee Award. As such, Plaintiff believes that the following contentions should be considered if a review of the Fee Award is necessary. Those contentions are as follows:

    a.    The Magistrate Judge made his own determination of Plaintiff's counsels' reasonable hourly rates, and improperly rejected the evidence submitted in support of the reasonableness of Plaintiff's counsels' current hourly rates. *See*, Fee Award, pp. 2-4.

    b.    The Magistrate Judge determined that certain billing entries submitted by Plaintiff's counsel were not recoverable because they were duplicative, even though those billing entries were for tasks that are often repeated multiple times throughout the duration of litigation—*e.g.*, drafting and reviewing emails to and from opposing counsel or co-counsel. *See*, Fee Award, p. 5.

    c.    The Magistrate Judge determined that certain billing entries submitted by Plaintiff's counsel with respect to drafting the Complaint and responding to Defendant's Motion to Dismiss were not recoverable because they were excessive, even though the Complaint and Motion to Dismiss raised novel issues that have not been addressed in this Circuit—*e.g.*, whether bills for household water services are "transactions" within the meaning of the FDCPA—and briefing on the Motion to Dismiss included a sur-reply and response thereto. *See*, Fee Award, p. 5; *see also*, Motion to Dismiss, Dkt. # 14, p. 3; Complaint, ¶¶ 9-14.

## IV. CONCLUSION.

In conclusion, Plaintiff requests that the Court enter an order adopting the Magistrate Judge's Report and Recommendation in full, and does not formally object to the Fee Award at this time. However, to the extent that the Court reviews the Fee Award, Plaintiff requests that the Court consider the foregoing contentions.

WHEREFORE, Plaintiff prays that the Court enter an order adopting the Magistrate Judge's Report and Recommendation in full, or, alternatively, consider the foregoing contentions with respect to any review of the Magistrate Judge's Report and Recommendation, and for all other relief the Court deems just and appropriate.

Plaintiff STEVE MERRITT,


By:   s/Thomas A. Zimmerman, Jr.
      Thomas A. Zimmerman, Jr.
      *tom@attorneyzim.com*
      Matthew C. De Re
      *matt@attorneyzim.com*
      ZIMMERMAN LAW OFFICES, P.C.
      77 West Washington Street, Suite 1220
      Chicago, Illinois 60602
      (312) 440-0020 telephone
      (312) 440-4180 facsimile
      www.attorneyzim.com

      Rusty A. Payton
      *payton@paytondann.com*
      PAYTONDANN
      115 S. LaSalle Street, Suite 2600
      Chicago, Illinois 60603
      (312) 702-1000

Counsel for the Plaintiff

## CERTIFICATE OF SERVICE

Thomas A. Zimmerman, Jr., an attorney, hereby certifies that he caused the above and foregoing *Statement in Support of the Magistrate Judge's Report and Recommendation* be served upon counsel of record in this case via the U.S. District Court CM/ECF System, on this day November 14, 2017.


s/ Thomas A. Zimmerman, Jr.